

**DEPARTMENT OF VETERANS AFFAIRS**
OFFICE OF RESOLUTION MANAGEMENT
2002 Holcombe Boulevard
Building 110
Houston, TX 77030

AUG 21 2014

In reply refer to: 08N

VIA: United Parcel Service

Richard Renner
Attorney-at-Law
1901 L Street NW
Suite 610
Washington, DC 20036

**SUBJECT: Notice of Eleventh Amendment of the EEO Complaint of Paula Leligdon, Case number 200H-VI10-2013103868, Filed on August 30, 2013, against officials of the Louis Stokes Cleveland VAMC in Cleveland, OH**

1. This will acknowledge receipt of your client's amendment request for EEO discrimination complaint, case number 200H-VI10-2013103868.

2. EEO regulations found in 29 C.F.R. §1614.106 (d) permit a complainant to amend a complaint at any time prior to the conclusion of the investigation and to add claims that are "like or related" to those raised in the pending complaint. According to current EEO law, an allegation or claim is considered "like or related" to the original complaint if it adds to or clarifies the original complaint and could have reasonably been expected to grow out of the original complaint. These regulations also provide that new evidence be reviewed to determine whether it:

   A) Provides additional evidence to support the existing claim, but does not raise a new claim in or of itself;
   B) Raises a new claim that is "like or related" to the claim raised in the pending complaint; **or**
   C) Raises a new claim that is not "like or related" to the claim raised in the pending complaint.

3. The current accepted claim is detailed in your client's Notice of Tenth Amendment of EEO Complaint dated August 19, 2014. On August 21, 2014, your client submitted the following as an amendment to the existing complaint:

   Whether the complainant was subjected to a hostile work environment based on sex (female) and reprisal for prior EEO activity when on a continuous basis beginning in 2010 thru August 9, 2014, agency officials and agents have harassed the complainant and deprived her privacy through the surveillance of her home, elsewhere, and private communications.



Tab A-5 p. 36

GOVERNMENT EXHIBIT 4

Page 2 of 6
Eleventh Amendment of Complaint
Complainant's Name: Paula Leligdon
Complaint No. 200H-VI10-2013103868

4. A review of the documents submitted by your client in support of this amendment indicates this event is sufficiently related to the overall pattern of harassment as it represents an action taken against her by agency management. In addition, this event provides additional evidence to support the alleged discrimination in the pending complaint. It could also be reasonably expected that this event could have grown out of the pending complaint. We have determined that the amendment request is "like or related" to the claim raised in the original complaint.

5. Your client's complaint, case no. 200H-VI10-2013103868, is amended as follows:

Whether the complainant was subjected to a hostile work environment based on reprisal for prior EEO activity as evidenced by the following events:

1) In August 2012, Christopher Esmurdoc (CE), Assistant Chief of Social Work and immediate supervisor acknowledged that he was aware of the rumors and gossip going around the Medical Center about the complainant and he failed to act after the compliant advised him that she was being harassed by her subordinates.

2) In November 2012, Jason Gatliff (JG), Head of Ethics Committee, stated he had difficulty working with the complainant due to the rumors, gossip and negative talk about her that was going around the Medical Center, admitted he participated in said gossip and rumors, and that he was aware of her EEO complaint.

3) In June 2012 and November 2012, management failed to act when the complainant advised them of the bullying, rumors and gossip being spread about her thought the VA Medical Center.

4) On March 15 2013, Susan Fuehrer, Director, failed to act after the complainant advised her about JG's admission that he had difficulty working with her and his participation in spreading rumors, gossip and negative talk about her.

5) In May 2013, just prior to the May 20th meeting, Joseph Aquilina (JA), Chief of Social Work Services, and CE initiated a "witch-hunt" on the complainant by soliciting reports of contact (ROCs) from her subordinates, and contacting HR and EEO regarding an inquiry/investigation against her.

6) On May 20, 2013, during a meeting, CE threatened to discipline the complainant for alleged insubordination.

7) On June 3, 2013, CE and JA issued the complainant four different ROCs, which were dated May 14, 2013, May 20, 2013, May 21, 2013, and May 29, 2013, respectively.

Tab A-5 p. 37

00046 Supplemental

Page 3 of 6
Eleventh Amendment of Complaint
Complainant's Name: Paula Leligdon
Complaint No. 200H-VI10-2013103868

8) On July 22, 2013, CE threatened to remove the complainant from the Professional Standards Review Board (PSRB) if she refused to assume increased duties.

9) On July 31, 2013, CE issued the complainant two Counseling Plans.[1]

10) From July 2012 to October 16, 2013, JA and CE failed to support and/or have undermined the complainant's supervisory position and responsibilities.

11) On October 8, 2013, CE charged the complainant for two hours for being absent without leave (AWOL).

12) On October 16, 2013, CE charged the complainant for fifteen minutes of AWOL.

13) On October 23, 2013, CE issued a third Counseling Plan to the complainant.

14) On December 2, 2013, CE issued to the complainant an adverse performance appraisal rating whereby he rated her "Fully Successful."

15) On January 2, 2014, Andrea Freeman (AF), Director of EEO, provided advice and recommendations which caused the complainant's official time to be limited to 16 hours.

16) On January 2, 2014, AF demeaned and disrespected the complainant by accusing her of harassment and bullying, and refused to communicate with the complainant about official business, including her pending EEO complaint.

17) During a period from October 2013 thru January 29, 2014, Dr. Linda Bond (LB), Manager, Acute Inpatient Psychiatry Unit, undermined the complainant's supervisory duties by interfering with her investigation of a complaint from a Veteran's family member about the treatment received, influenced the complainant's subordinate to not meet with the complainant, and refused to act regarding the complainant's complaint about her (LB) interference.

18) On January 2, 2014, Dr. Murray Altose (MA), Chief of Staff, issued the complainant a memorandum, Subj: Letter of Expectations.

19) On March 26, 2014, CE and JA issued the complainant a Counseling Plan.

---

1 According to the complainant, a "Counseling Plan" is the same as a Letter of Counseling.

20) On or about March 31, 2014, CE and JA issued the complainant a report of contact (ROC).

21) On April 1, 2014, CE and JA prohibited the complainant from ever using the restriction option in Outlook for all email communications.

22) On April 4, 2014, CE and JA issued the complainant two additional ROCs.

23) On April 4 and 7, 2014, CE denied the complainant's request for authorized absence to attend State Licensure and Medical Center training requirements on April 9 or April 11, 2014.

24) On April 11, 2014, MA failed to act and supported CE's decision to deny the complainants request for authorized absence to attend training and has not provided any viable rational.

25) On May 12, 2014, CE and JA issued the complainant a notice of proposed suspension.

26) On May 23, 2014, CE and JA issued the complainant a Letter of Reprimand.

27) On June 6, 2014, CE and JA issued the complainant a 3-day suspension.

28) On June 6, 2014, CE and JA issued the complainant a Letter of Reprimand.

29) On June 17, 2014, AF violated the complainant's confidentiality rights and privacy when she interfered with the complainant's EEO protected activity by contacting the assigned EEO investigator and reviewing her EEO claims.

30) On July 3, 2014, CE and JA issued the complainant a Counseling Plan for sending Lisa Clark, Regional Counsel Staff Attorney, an email request for legal assistance regarding a matter about her subordinate employee.

31) On July 23, 2014, CE denied the complainant's request to endorse her as a candidate for the VISN 10 Social Work Professional Standards Review Board.

32) On July 31, 2014, CE and JA issued the complainant a notice of proposed suspension.

33) On a continuous basis beginning in 2010 thru August 9, 2014, agency officials and agents have harassed the complainant and deprived her privacy through the surveillance of her home, elsewhere and private communications.

Page 5 of 6
Eleventh Amendment of Complaint
Complainant's Name: Paula Leligdon
Complaint No. 200H-VI10-2013103868

6. **Events 11 thru 14, 23, 26 thru 28, 30 and 31** have been <u>ACCEPTED</u> for investigation as independent claims, and your client's **overall hostile work environment claim (events 1 thru 33) is <u>ACCEPTED</u>** for investigation.

7. If you or your client believes that the accepted claim is improperly formulated, incomplete, or incorrect, you must notify this office within **7 calendar days** of receipt of this letter, in writing, by mail or fax, to state your disagreement. If you or your client submits a written statement, it will be included as part of the official record in the complaint file. If you or your client does not contact this office within **7 calendar days**, it will be assumed that the claim is correctly stated.

8. The amended claim will be assigned to the Investigator who was previously assigned to investigate the earlier complaint. The investigator will contact you and your client directly in order to obtain information or evidence your client may wish to offer. You and your client will be provided a copy of the investigative file upon completion, and you will be advised, in writing, of the right to request a Final Agency Decision (FAD) from the Office of Employment Discrimination Complaint Adjudication (OEDCA), or a hearing by an administrative judge appointed by the Equal Employment Opportunity Commission (EEOC).

9. As a result of this notification of an amendment to your client's complaint, the time frame for completion of the investigation is adjusted. The agency must complete its investigation within the earlier of 180 calendar days after the last amendment to the complaint; i.e., February 17, 2015, or 360 calendar days after the filing of the original complaint; i.e., August 25, 2014. This means that **your client cannot request an EEOC hearing or a FAD from OEDCA before Tuesday, August 26, 2014.** ORM will make every good faith effort to complete the investigation within the prescribed period. However, where workload demands make it impossible to complete a timely investigation, we will work with you and your client to seek a mutual agreement to extend the period so that the investigation can be completed before she seeks an EEOC hearing or a FAD from OEDCA.

10. The EEOC encourages the use of Alternative Dispute Resolution (ADR) to resolve EEO complaints at the lowest possible level. Agencies and complainants can realize many advantages from using ADR. ADR offers the parties the opportunity for an early, informal resolution of disputes in a mutually satisfactory fashion. If you or your client are interested in using mediation to address the issues raised in this complaint, please contact the ORM Case Manager listed below or the ADR Program Manager at (202) 461-0280.

11. Our fax number is 908-604-5263. If you have any questions, please contact Kevin Broussard, Case Manager at (713) 794-7756.

*Rodger C. Evans*
RODGER L. EVANS
Regional EEO Officer

cc: Jack Hetrick, Network Director (VI10/00) (Via E-Mail)
    VA Healthcare System of Ohio
    11500 Northlake Drive
    Suite 200
    Cinicinnati, OH 45249

    Darlene Mathes, EEO Program Manager (Via E-Mail)

    Paul A. Crain, Manager, Centralized Investigations Division (Via E-Mail)

    Leligdon Paula (Via United Parcel Service)
    190 Walnut Drive
    Medina, OH 44256