

**DEPARTMENT OF VETERANS AFFAIRS**
OFFICE OF RESOLUTION MANAGEMENT
151 Knollcroft Road
Building 16
Lyons, NJ 07939

In reply refer to: 08E

January 14, 2015

VIA: Regular Mail

Richard Renner
1901 L Street, NW
#610
Washington, DC 20036

**SUBJECT: Notice of Acceptance of the EEO Complaint for Paula Leligdon, Case No. 200H-VI10-2015100265, filed November 26, 2014, against officials of Veterans Integrated Service Network (VISN) 10 in Cleveland, OH**

1. On October 15, 2014, your client initiated contact with an EEO counselor. Counseling concluded on November 13, 2014, when your client was mailed[1] the *Notice of Right to File a Discrimination Complaint*, which your client received on November 14, 2014. On November 26, 2014, your client filed a formal complaint of discrimination, VA Form 4939.

2. Your client's complaint of discrimination raises the following claims:

   **Whether complainant was subjected to a hostile work environment based on reprisal as evidenced by the following events:**

   **1. From September 5-8, 2014, Complainant was suspended from duty.[2]**

   **2. On October 6, 2014, the Director, Program Specialist, Jason Gatliff (JG) and Chief of Staff, Dr. Murray Altose (MA) denied Complainant a position on the Mental Health area based Ethics Team.**

3. **Events 1 and 2** listed above constitute timely raised discrete acts that are hereby **ACCEPTED** for investigation as independently actionable claims. These events are determined to be sufficiently related to the overall pattern of harassment and will be included for consideration in the analysis of the harassment claim.

---

[1] Complainant did not obtain representation until after counseling concluded.
[2] Although it is noted that the Complainant included this claim in her Civil Action, because 180 days has not passed since she filed her EEO complaint ORM is unable to dismiss the claim.

GOVERNMENT EXHIBIT 5

Page 2
Notice of Acceptance
Paula Leligdon
200H-VI10-2015100265

4. In assessing a hostile environment claim, the totality of the circumstances must be examined, including (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's work performance. A hostile environment claim generally requires a showing of a pattern of denigrating conduct that unreasonably interferes with an individual's work performance or creates an intimidating, hostile, or offensive working environment. In determining whether harassment is sufficiently severe or pervasive to create a claim of hostile environment, the harasser's conduct is evaluated from the objective standpoint of a reasonable person. An objectively hostile or abusive work environment is created only when a reasonable person would find it hostile or abusive.

5. We have determined your client's claim of harassment meets the severe or pervasive requirement for further processing. Although your client's complaint of harassment contains only two events, the three day suspension and the denial for a position on the Ethics Team, they are matters which, in their totality, can be construed from a reasonable person standpoint to be physically threatening or humiliating, or be considered matters that would create an intimidating, hostile, or offensive working environment.

6. To reiterate, events **1-2** are hereby **ACCEPTED** for investigation as independently actionable claims and events **(1-2)** have been **ACCEPTED** as an harassment/hostile work environment.

7. If your client believes that the accepted claim is improperly formulated, incomplete, or incorrect, this office must receive written notice within **7 calendar days** of receipt of this letter. Any written statement of disagreement will be included in the complaint file. We will assume that the claim is correctly stated if no statement indicating otherwise is received by this office within **7 calendar days**.

8. We will assign the accepted claim to an impartial investigator under the supervision of the Office of Resolution Management (ORM). The investigator will contact you and your client directly in order to obtain information or evidence your client may wish to offer. The investigator is only authorized to investigate the claim specified above.

9. Your client has additional rights that are fully explained in the enclosures to this letter.

10. **Failure to keep this office advised of any change of address could lead to dismissal of this complaint.** All subsequent actions on the complaint will be mailed or delivered to you with copies to the complainant, unless the complainant advises us in writing that s/he is no longer represented by you.

Page 3
Notice of Acceptance
Paula Leligdon
200H-VI10-2015100265

11. Our fax number is (908) 604-5261. If you have any questions, please contact Amelia McCottry, Case Manager, at (908) 604-5344.

                                    Sincerely,

                                    *Marjorie McNutt*

                                    for
                                    James D. Jindra
                                    Regional EEO Officer

Enclosures:   Complainant Rights
                 Request for Hearing Form

cc:     Paula Leligdon
       190 Walnut Drive
       Medina, OH 44256

       Facility Director