UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

**PAULA LELIGDON**,                               Case No. 1:14-cv-02810-DCN

        Plaintiff,

against,

**ROBERT A. McDONALD, SECRETARY,**
U.S. Department of Veterans Affairs

        Defendant.

**PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Paula Leligdon, the plaintiff, moves this Court pursuant to Rule 15(a) of the Federal Rules of Civil Procedure for leave to file her First Amended Complaint (FAC). A copy of this FAC is attached in both redlined and final formats. This amendment would be plaintiff's first amendment. It is made before any answer has been filed. Defense counsel has indicated that this motion will be opposed. A memorandum in support follows.

Accordingly, plaintiff moves this Court for leave to file her First Amended Complaint.

        Respectfully submitted by:

        /s/Richard R. Renner

        _____
        Richard R. Renner, Bar No. 0029381
        Attorney for Plaintiff
        Kalijarvi, Chuzi, Newman & Fitch, P.C.
        1901 L St. NW, Suite 610
        Washington, DC  20036
        (202) 466-8696 direct
        (202) 331-9260 office
        1-877-527-0446 fax
        rrenner@kcnlaw.com

**MEMORANDUM IN SUPPORT**

Paula Leligdon, the plaintiff, seeks to amend her complaint to (1) correct a scrivener's error in the caption, and (2) to add allegations about adverse actions defendant has taken against her since the original complaint was filed. The new allegations are all contained in paragraph 96. Redlined and final versions of the first amended complaint (FAC) are attached. Defendant has filed a motion for partial dismissal (R-11) which will be mooted by this amendment. See plaintiff's motion for an extension of time, R-13.

This memorandum will address the standards for granting leave to amend, and then address the anticipated defense argument and explain why it is not futile to add the new allegations.

### A.     Leave to amend is liberally allowed.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides for liberal leave. It states, "The court should freely give leave when justice so requires." The United States Supreme Court, in construing Rule 15(a), stated that:

> This mandate is to be heeded. . . . In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure, undue prejudice to the opposing party by virtue of the allowance of the amendment, etc.—the leave sought should, as the rule requires be "freely given."
> *Foman v. Davis*, 371 U.S. 178, 182 (1962)

The Sixth Circuit has similarly held that, "Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L.R Gas, Inc.,* 486 F.2d 479, 484 (6th Cir. 1979).

The Sixth Circuit explains that, "the thrust of Rule 15 is to reinforce the principle

that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)(quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)). Thus, a court will permit a party to add even a new legal theory in an amended pleading as long as it arises out of the same transaction or occurrence. See *Hageman*, cited above ("where the parties are the same, . . . an amendment which adds another claim arising out of the same transaction or occurrence does relate back to the date of the original complaint.").

Here, Ms. Leligdon is seeking to file her first amended complaint before defendant has filed any answer. The new allegations are against the same defendant, arise under the same laws, and indeed constitute a continuation of the same hostile work environment. No substantial prejudice can flow to defendant from granting this leave.

### B. Ms. Leligdon's proffered amendment will not be futile.

Defendant's pending motion for partial dismissal advances a hyper-technical view of exhaustion. Most courts permit claims that arise from or are like or related to the administrative claims. In the retaliation context, it is particularly appropriate that subsequent acts of retaliation are actionable without separate exhaustion. Indeed, fragmentation of claims is disfavored. As to Ms. Leligdon's claim under the Whistleblower Protection Act, the 2012 Whistleblower Protection Enhancement Act (WPEA) modifies precisely the law that led to the adverse ruling relied on by defendant, *Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 682 (Fed. Cir. 1992). Finally, defendant's effort to reduce the number of issues in this case will not prevent discovery or admission of evidence of those claims as they support her theory of motive and causation for her other claims. These doctrines and the passage of the WPEA permit adjudication of all Ms. Leligdon's claims here and now.

1. **Parties are not required to set out their legal theories in their complaints and may subsequently add viable theories.**

In *Johnson v. City of Shelby, Mississippi*, 574 U.S. ____, 135 S.Ct. 346, 347-48 (11-10-2014), the Supreme Court stated:

> Federal pleading rules call for "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted. See Advisory Committee Report of October 1955, reprinted in 12A C. Wright, A. Miller, M. Kane, R. Marcus, and A. Steinman, Federal Practice and Procedure, p. 644 (2014 ed.) (Federal Rules of Civil Procedure "are designed to discourage battles over mere form of statement"); 5 C. Wright & A. Miller, § 1215, p. 172 (3d ed. 2002) (Rule 8(a)(2) "indicates that a basic objective of the rules is to avoid civil cases turning on technicalities").

Defendant is raising these types of technicalities to narrow the issues Ms. Leligdon can raise in support of her claims. In *Johnson*, the Court held that, "Having informed the city of the factual basis for their complaint, they were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim." *Johnson v. City of Shelby, Miss.*, 135 S.Ct. 346, 347, 190 L.Ed.2d 309 (2014), citing Fed. Rules Civ. Proc. 8(a)(2) and (3), (d)(1), (e).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is adjudicated by construing the complaint in the light most favorable to the plaintiffs, accepting their well-pleaded factual allegations as true, and drawing all reasonable inferences in their favor. See *Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, 731 F.3d 556, 562 (6th Cir.2013) (en banc). Instead of fixating on the precise words used, the charge and related documents must be liberally construed. *Loe v. Heckler*, 768 F.2d 409, 420 (D.C. Cir. 1985) (Ginsburg, J.) (*citing President v. Vance*, 627 F.2d 353 (D.C. Cir.

4

1980)). The Sixth Circuit will affirm the district court's dismissal only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U. S. Dep't of Homeland Sec.*, 679 F.3d 425, 429 (6th Cir. 2012) (citation and internal quotation marks omitted).

A claim for relief is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Guba v. Huron Cnty.*, No. 14-3022, 2015 WL 294727, at *3 (6th Cir. Jan. 22, 2015). As the FAC presents plausible claims, granting leave to amend is not futile.

The Supreme Court has held that Title VII cannot be applied literally. Instead, courts must read it with an eye towards its remedial purpose. In *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 397, 71 L. Ed. 2d 234, 102 S. Ct. 1127 (1982), the Court stated:

> In *Love v. Pullman Co.,* 404 U. S. 522 (1972), we announced a guiding principle for construing the provisions of Title VII. Declining to read literally another filing provision of Title VII, we explained that a technical reading would be "particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process." *Id.* at 404 U. S. 527. That principle must be applied here as well.

Eliminating discrimination and retaliation in the federal sector is a particularly important public policy. Compare 42 U.S.C. § 2000e-2(a)(1) (for the private sector) and 42 U.S.C. §2000e-16(a) (for the federal sector). The Sixth Circuit has stated, "public interest is near its zenith when ensuring that public organizations are being operated in accordance with the law, when exposing graft and corruption, and when seeing that public funds are not purloined or wasted." *Chappel v. Montgomery Cnty. Fire Prot. Dist. No. 1*, 131 F.3d 564,

5

576 (6th Cir. 1997) (alterations, citations, and internal quotation marks omitted).

In *Bowden v. United States*, 106 F.3d 433, 439 (D.C. Cir. 1997), the Court stated:

> What we have repeatedly stated regarding Title VII exhaustion requirements applies here as well: They are " 'practical and pragmatic' ... and should not be invoked when [they] serve[ ] no practical purpose." *Wilson* [*v. Pena*], 79 F.3d [154] at 165 [(D.C.Cir. 1996)] (quoting *Brown* [*v. Marsh*], 777 F.2d [8] at 14 [(D.C.Cir. 1985)] (quoting *President v. Vance*, 627 F.2d 353, 363 (D.C.Cir. 1980))).

**2. Like or related claims may be added by amendment, and then relate back to the original complaint.**

The holding in *Johnson v. City of Shelby*, cited above, calls for reconsideration of the holdings cited by defendant here. Even in the case that defendant relies on, *EEOC v. Bailey*, 563 F.2d 439, 446 (6th Cir.1977), the Sixth Circuit recognized that claims can go forward on theories different from the original charge. The Court approved the approach taken in *Sanchez v. Standard Brands, Inc*., 431 F.2d 455 (5th Cir.1970). There, a claimant charged gender discrimination, but the "[i]nvestigation by the EEOC ... revealed that the employer discriminated against the complaining party because of her national origin." *Bailey*, 563 F.2d at 447. The Sixth Circuit agreed with the *Sanchez* court that the complainant in Sanchez should have been permitted to state a claim for both types of discrimination "because the EEOC investigation into the charge revealed the true basis of the discrimination against the employee" and civil rights plaintiffs should not be "penalized" "for not attaching the correct legal conclusion to her claim and thus would have constituted an improperly narrow construction of Title VII." *Id*. See also, *Gausmann v. City of Ashland*, 926 F. Supp. 635, 638-39 (N.D. Ohio 1996)(Judge O'Malley permitting additional of a sex discrimination theory); *Schnellbaecher v. Baskin*

*Clother Co.*, 887 F.2d 124, 127–28 (7th Cir.1989); *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208,1212 (3rd Cir.1984); *Clark v. Kraft Foods, Inc.*, 18 F.3d 1278, 1280,1281 n. 9 (5th Cir.1994); *Johnson v. N.T.I Division of Colorado Springs Circuits*, 898 F.Supp. 762, 767 (D.Col.1995). In *Scott v. Eastman Chemical Co.*, 275 Fed. Appx. 466, 471 (6th Cir.2008), the Court stated:

> [A]s this court recently stated in *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 732 (6th Cir.2006), the [exhaustion] requirement "is not meant to be overly rigid, nor should it 'result in the restriction of subsequent complaints based on procedural technicalities or the failure of the charges to contain the exact wording which might be required in a judicial pleading.' " *Id*. (quoting *EEOC v. McCall Printing Co.*, 633 F.2d 1232, 1235 (6th Cir.1980)). Consequently, "the EEOC complaint should be liberally construed to encompass all claims 'reasonably expected to grow out of the charge of discrimination.' " *Id*. (quoting *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir.1992)).

When an amendment is properly made, it appropriately relates back to the original filing. The jurisprudential goals of allowing amended complaints to relate back apply equally to administrative complaints, such as those filed in accordance with 29 C.F.R. § 1614.106. Rule 15(c) serves to "provide the opportunity for a claim to be tried on its merits, rather than being dismissed on procedural technicalities, when the policy behind the statute of limitations has been addressed." *Tischler v. Baltimore Bancorp*, 801 F. Supp. 1493, 1497 (D. Md. 1992) (citations omitted). Just as amended complaints relate back to the date of the original complaint under Fed. R.Civ.Proc. 15(c), courts have held that amended EEO complaints also relate back to the date of a timely-filed administrative complaint. *Peterson v. City of Wichita*, 888 F.2d 1307, 1308-09 (10th Cir. 1989) (permitting relation back where plaintiff submitted to the EEOC a timely though unverified charge); *see also Edelman v. Lynchburg Coll.*, 300 F.3d 400, 403-04 (4th Cir. 2002); *Pijnenburg v. W. Ga. Health Sys., Inc.*, 255 F.3d 1304, 1306-07 (11th Cir. 2001).

7

In *Core v. Brownlee*, EEOC Appeal No. 01A34550, 2004 WL 189570 (Jan. 23, 2004),[1] the EEOC applied 29 C.F.R. § 1614.106 as follows:

> A later claim or complaint is "like or related" to the original complaint if the later claim or complaint adds to or clarifies the original complaint and could have reasonably been expected to grow out of the original complaint during the investigation.

In *Core*, the EEOC held that a claim of pre-termination sexual harassment (which included a threat of termination if complainant refused to engage in sexual acts) was "like or related" to her pending claim alleging a discriminatory termination. The EEOC held that, "There is no requirement that the amendment be subject to counseling."

### 3. Leligdon's claim under the Whistleblower Protection Act is viable in light of its plain language, and especially after the 2012 Whistleblower Protection Enhancement Act (WPEA).

The Whistleblower Protection Act (WPA) has long prohibited federal personnel decisions taken in reprisal for an employee's disclosure of a violation of law, or of gross waste or gross mismanagement. 5 U.S.C. § 2302(b)(8). Title VII is such a law. Ms. Leligdon's disclosures included violations of Title VII, cover-ups related to a veteran's death, and also destruction of evidence about retaliation. FAC ¶¶ 9-27, 41. These are precisely the types of disclosures that Congress wants to encourage and protect. The WPA also protects participation in proceedings. 5 U.S.C. § 2302(b)(9). Ms. Leligdon both made disclosures and participated in proceedings by commencing her prior EEO claims.

In 2012, Congress passed the Whistleblower Protection Enhancement Act (WPEA) because restrictive judicial interpretations had sapped the WPA of its effectiveness. Senate Report No. 112-155, p. 2 (WPEA was "restoring the original

---

[1] Available at http://www.eeoc.gov/decisions/01A34550_r.txt

congressional intent of the WPA to adequately protect whistleblowers . . .."). On pages 4 and 5, the Senate Report expresses the congressional frustration with the limits courts had put on the phrase "any disclosure" in 5 U.S.C. § 2302(b)(8). "It is critical that employees know that the protection for disclosing wrongdoing is extremely broad and will not be narrowed retroactively by future MSPB or court opinions. Without that assurance, whistleblowers will hesitate to come forward." "The interest at stake is as much the public's interest in receiving informed opinion as it is the employee's own right to disseminate it." *Handy–Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 540 (6th Cir.2012), quoting *San Diego v. Roe*, 543 U.S. 77, 82 (2004).

Here, defendant relies on *Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 682 (Fed. Cir. 1992), and its progeny to argue Ms. Leligdon cannot bring a "mixed case" to this Court. *Spruill* relied on the pre-amendment version of 5 USC § 1221, which made only claims under 5 U.S.C. § 2302(b)(8) appealable to MSPB, and not participation claims under 5 U.S.C. § 2302(b)(9). The WPEA amended 5 USC § 1221 to address this concern and make participation claims appealable to MSPB when they arise under 5 U.S.C. § 2302(b)(9)(A)(i) (protecting "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation – (i) with regard to remedying a violation of paragraph (8)"). Whereas the *Spruill* court relied on the absence of any right to appeal a (b)(9) case to the MSPB, the WPEA now explicitly grants such a right.[2] Thus, Ms. Leligdon's WPA claims do support a "mixed case" that may be brought to this Court pursuant to 5 U.S.C. § 7702, just as she alleges in Paragraphs 127-130 of the FAC.

---

[2] The original logic of *Spruill* was questionable as any appeal, complaint or grievance would itself be protected under (b)(8) as "any disclosure" of a violation of law. This question is now moot with Congress answering it through the WPEA.

Each circuit court of appeals to have addressed this issue has concluded that district courts possess jurisdiction over non-discrimination claims in mixed cases when agencies fail to meet the time limit that § 7702(e)(1)(B) establishes. See *Ikossi v. Dep't of Navy*, 516 F.3d 1037, 1041–44 (D.C.Cir. 2008); *Seay v. TVA*, 339 F.3d 454, 471–72 (6th Cir. 2003); *Doyal v. Marsh*, 777 F.2d 1526, 1533, 1535–37 & n. 5 (11th Cir.1985); *Bonds v. Leavitt*, 629 F.3d 369, 379 (4th Cir. 2011). Federal employees may bring "mixed cases" to district court, even if the original administrative complaints did not make this theory evident. *Bonds*, cited above.

### 4. A claim of retaliation arising after commencement may be added without separate exhaustion.

EEOC policy states that a complaint may "challenge related incidents that occur after the charge is filed." EEOC Compliance Manual, § 2-IV(C)(1)(a) (May 12, 2000). This is consistent with the position taken by courts before the decision in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) (aka *AMTRAK v. Morgan*, or just *Morgan*). See, *e.g.*, *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1402-03 (2d Cir. 1993) (recognizing several situations where claims not raised in an EEOC charge are sufficiently related to the allegations in a charge to permit those unraised claims to be included in a civil action); *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992) (retaliation claim for filing prior EEOC charge may be raised for the first time in federal court); *Anderson v. Block*, 807 F.2d 145, 148 (8th Cir. 1986) (court action could encompass termination if it was sufficiently related to suspensions challenged in timely EEOC charge). Nothing in *Morgan* suggests that a new charge must be filed when a charge challenging related acts already exists. Thus, *Morgan* does not affect existing case law that permits subsequent related acts to be addressed in an ongoing proceeding. See,

*Delisle v. Brimfield Township Police Dep't*, No. 02-3050, 2004 WL 445181 (6th Cir. Mar. 8, 2004) (unpublished) (*Morgan* does not affect ability to raise retaliatory acts for the first time in district court if those acts are related to claims that were raised before the EEOC).

The Fourth Circuit explained this doctrine as follows:

> [A] plaintiff should be excused from exhausting claims alleging retaliation for the filing of a previous EEOC charge largely because such a plaintiff would be expected to be gun shy about incurring further retaliation after an additional EEOC charge and because a second conciliation could not be expected to be any more fruitful than the first. *See Nealon* [*v. Stone*]*,* 958 F.2d [584,] at 590 [(4th Cir. 1992)]. Indeed, *Gottlieb v. Tulane University of Louisiana,* 809 F.2d 278 (5th Cir.1987), on which we relied in *Nealon,* involved a retaliation claim that arose after the pendency of the EEOC charge. *See Gottlieb,* 809 F.2d at 280 (noting that alleged retaliation occurred after Title VII action had been filed); *see also Clockedile v. New Hampshire Dep't of Corr.,* 245 F.3d 1, 6 (1st Cir.2001) (holding that retaliation claim arising after issuance of right-to-sue letter does not require filing of new charge "so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency"); *Baker v. Buckeye Cellulose Corp.,* 856 F.2d 167, 168-69 (11th Cir.1988) (holding that claim that plaintiff was retaliated against for filing Title VII lawsuit could be litigated in federal court without new EEOC charge).

The VA has had a fair opportunity to investigate Ms. Leligdon's complaints – the full opportunity required by law for Ms. Leligdon to ask this Court for relief. Permitting the defendant to piecemeal Ms. Leligdon's claims to prevent her from presenting them together would be contrary to the remedial purpose of the Civil Rights Act. Courts hold defendants accountable when they engage in new or ongoing retaliation after a plaintiff has already commenced proper proceedings.

11

### 5. Defendant's attempt to limit the scope of discovery and relevant evidence is unfounded.

To the extent that Ms. Leligdon's complaint presents claims that predate her exhausted claims, or are subsequent to those claims, she is still permitted to admit evidence of them in support of her present claims.

Ms. Leligdon clearly alleges that defendant has subjected her to an on-going hostile work environment (HWE). She gave fair notice that this HWE is continuing, that she is complaining to get it to stop, and that defendant still refuses to stop it. Paragraph 96 of the FAC well exemplifies defendant's intransigence in the face of Ms. Leligdon's calls to stop the HWE.

The Supreme Court has long considered an employer's delay in changing its policies to comply with the law as evidence of unlawful discrimination. *Teamsters v. United States*, 431 U.S. 324, 337 (1977). Indeed, past discrimination can be admitted as background evidence to show present-day motives to discriminate, *Morgan*, 536 U.S. at 113, even if that prior discrimination occurred before the effective date of Title VII. *Hazelwood School District v. United States,* 433 U.S. 299, 309, n. 15, 97 S.Ct. 2736, 2742, n. 15, 53 L.Ed.2d 768 (1977) ("Proof that an employer engaged in racial discrimination prior to the effective date of Title VII might in some circumstances support the inference that such discrimination continued, *particularly where relevant aspects of the decision-making process had undergone little change*." [Emphasis added]). In *Morgan*, 536 U.S. at 113, the Court stated, "[n]or does the statute bar an employee from using the prior acts as background evidence in support of a timely claim." Dismissing a stale claim does not exclude it from evidence. The defendant here would not realize the advantage it is seeking.

Similarly, it is well established that subsequent events can be relevant and admissible to prove motive and causation. See 2 Wigmore on Evidence §§ 382, 437 (Chadbourn Rev. 1979). Many courts have applied this principle in employment discrimination cases, recognizing that subsequent conduct may prove discriminatory motive in a prior employment decision. See *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973) (observing that an employer's actions after the date of an adverse employment decision may be probative of the employer's intent at the time of the decision).  As the Seventh Circuit observed in *Freeman v. Madison Metro. Sch. Dist.*, 231 F.3d 374, 382 (7th Cir. 2000),

> It is the rare case indeed in which there is a nearly exact temporal overlap between the allegedly discriminatory conduct and the conduct regarding similarly situated individuals. The last date of the allegedly discriminatory conduct is not a bright line beyond which the conduct of the employer is no longer relevant in a discrimination case. Otherwise, clearly relevant evidence would be arbitrarily excluded; for instance, a plaintiff in a race discrimination case would then be precluded from producing evidence that the week after he was fired, a white employee escaped discipline for the exact same conduct. The focus must remain on whether the evidence is relevant to demonstrate that discrimination played a role in the decision, and that determination is not served by a bright-line temporal restriction.

See also, *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 577 (5th Cir. 2003) (after the plaintiff's termination, older male employees were replaced with younger female employees); *Stratton v. Dep't of Aging*, 132 F.3d 869 (2nd Cir. 1997) (evidence that younger employees were hired as long as 25 months after plaintiff's termination could support inference of pretext, given that asserted reason for the layoff had been the need to cut costs); *Grandstaff v. City of Borger*, 767 F.2d 161, 171 (5th Cir. 1985), cert. denied, 480 U.S. 916 (1986) ("subsequent conduct may prove discriminatory motive in a prior employment decision"); *Wexler v. White's Fine Furniture*, 317 F.3d 564, 577 (6th Cir.

13

2003) (evidence that a subsequent and much younger manager, was retained despite similarly dismal profits, was relevant to claim of discriminatory treatment); *Neufeld v. Searle Laboratories*, 884 F.2d 335, 340 (8th Cir. 1989); *Ryder v. Westinghouse Electric Corp.*, 128 F.3d 128 (3rd Cir. 1997).

As it is proper to hear all the evidence together, it is more economical to decide the claims together. The law and economics align to permit Ms. Leligdon to file her FAC.

### Conclusion

Accordingly, plaintiff moves this Court for leave to file her First Amended Complaint.

Respectfully submitted by:

/s/Richard R. Renner
_____
Richard R. Renner, Bar No. 0029381
Attorney for Plaintiff
Kalijarvi, Chuzi, Newman & Fitch, P.C.
1901 L St. NW, Suite 610
Washington, DC  20036
(202) 466-8696 direct
(202) 331-9260 office
1-877-527-0446 fax
rrenner@kcnlaw.com

### CERTIFICATE OF SERVICE

I certify that I filed the foregoing through the Court's CM/ECF system which will cause notice of this filing to be issued to all counsel of record.

/s/Richard R. Renner
_____
Richard R. Renner
Counsel for Plaintiff