UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Paula M. Leligdon, | ) | |
| | ) | CASE NO.1:14 CV 02810 |
| Plaintiff(s), | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Robert A. McDonald, | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the Court on Plaintiff Paula Leligdon's Opposed Motion for Leave to

File a First Amended Complaint. (ECF #14). Defendant, Robert A. McDonald, Secretary of

Veterans Affairs, (hereafter referred to as the "VA") opposes the Motion, arguing that the

proposed amendments would be futile, and that they should be dismissed for failure to state a

claim and lack of subject matter jurisdiction. (ECF #15).  After several reply and surreply briefs by

the parties, Plaintiff has now filed a Motion for Leave to File Surreply in support of  Motion for

Leave to File Amended Complaint. (ECF #19).  In this Motion, Plaintiff asks for leave to file a

Second Amended Complaint to add new claims relating to alleged adverse actions that occurred

after filing the First Amended Complaint. (ECF #19).  Defendant opposed this Motion. (ECF #20).

For the reasons set forth herein, Plaintiff's Opposed Motion for Leave to File First

Amended Complaint (ECF #14) is GRANTED in part and DENIED in part. Plaintiff may file an

Amended Complaint in compliance with the guidelines set forth in this order. Plaintiff's Motion

for Leave to File Sur-Reply (ECF #19) is DENIED.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed this lawsuit against Defendant on December 23, 2014, alleging

discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.

("Title VII") and reprisal in violation of the Whistleblower Protection Act, 5 U.S.C. §2302

("WPA"). By way of background, Plaintiff has filed four formal EEOC complaints against

Defendant.[1] The first complaint alleging age discrimination was filed on June 23, 2011 and was

dismissed on March 28, 2013, due to Plaintiff's withdrawal of the complaint. (ECF #1, para. 21;

ECF #11-4). Plaintiff filed a second complaint on July 23, 2012, alleging hostile work

environment and discrimination based on age and reprisal for her past EEOC complaint. (ECF #1,

¶27). That complaint was ultimately dismissed for failure to prove discrimination on January 28,

2014. (ECF #11-5). Plaintiff did not file an appeal or a federal civil action based on this dismissal.

(ECF #11-2, ¶ 2(b)).

The third EEOC complaint was filed on August 30, 2013, alleging a hostile work

environment based on reprisal and was amended eleven times during the course of the

investigation. (ECF #1, para 99, ECF #11-6). The EEOC accepted for investigation 33 separate

events alleged by Plaintiff to have violated her rights from August 2012 through July 31, 2014.

---

[1]     For the purposes of this Motion to Amend Complaint, the Court accepts as true
        the facts as alleged and presented by the parties in Plaintiff's Complaint (ECF #1),
        as well as in the following Exhibits incorporated into Defendant's Partial Motion
        to Dismiss (ECF #11): Declaration of James D. Jindra (ECF #11-2), Order of
        Dismissal (ECF #11-4), Final Agency Decision (ECF #11-5), Notice of Eleventh
        Amendment (ECF #11-6), Notice of Accepted Claims (ECF #11-7).

(ECF #11-2).  The EEOC investigation was completed on October 16, 2014 and Plaintiff did not

file an appeal with the EEOC. (Id.)

Plaintiff now asks this Court to add the following adverse actions through her proposed

Amended Complaint:

> -a 3-day suspension without pay in September 2014;
> -exclusion from the Mental Health area Ethics Team beginning on October 6, 2014;
> -a change in Ms. Leligdon's office location on January 16, 2015;
> -a dispute over the issuance of Ms. Leligdon's parking pass from December 2014 until February 2015;
> -a proposed suspension on March 30, 2015; and
> -harassment regarding Ms. Leligdon's use of a cubicle on April 2, 2015. (ECF #14-2, para. 96).

The September 2014 suspension and the exclusion from the Mental Health area Ethics

team are the subject of a fourth EEOC complaint filed by Ms. Leligdon on November 26, 2014,

alleging hostile work environment based on reprisal. (Notice of Accepted Claims, ECF #11-7).

This claim has been fully accepted for investigation by the VA's Office of Resolution

Management (ORM) and remains pending.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading should be

freely allowed "when justice so requires." In determining whether to permit an amendment, a court

should consider whether there has been undue delay, lack of notice, bad faith, or repeated failure to

cure deficiencies, and whether the amendment would be cause undue prejudice to the party or

would be futile.  *See, e.g., Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998).  The Sixth Circuit has

held that an amended pleading is futile, and should not be permitted, if the amended claim could

not withstand a Fed.R.Civ.P. 12(b)(6) motion to dismiss. *See Rose v. Hartford Underwriters Ins.*

*Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

## I. Title VII Discrimination Claims

The amendments Plaintiff wishes to add to the pending lawsuit can be separated into two categories. The first category includes the two actions that occurred while the third EEOC investigation was pending: the 3-day suspension of September 2014 and the exclusion from the Mental Health area Ethics Team beginning on October 6, 2014.[2] The other four actions, alleged to have occurred from January til April 2015, are being raised for the very first time in Ms. Leligdon's proposed amendment. Therefore, none of the proposed amendments have been exhausted administratively pursuant to the Title VII procedural framework.

Title VII hostile work environment claims that have not gone through exhaustive EEOC administrative procedures may be brought into federal court under two exceptions: (1) those that are "reasonably expected to grow out of the EEOC charge" of discrimination to be brought, as reiterated in *Weigel v. Baptist Hospital of E. Tenn.*, 302 F.3d 367, 369 (6th Cir. 2002), and (2) those that the agency discovers evidence of during its investigation, as in *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998). Plaintiff argues that her amendments fall under the first exception, evaluated under a "scope of the investigation" test. (ECF # 14, page #148).

The EEOC investigation at issue was completed on October 16, 2014, and two of the allegations Plaintiff proposes to add occurred prior to this date: the 3-day suspension in September 2014 and exclusion from participation in the Mental Health area Ethics Team beginning on October 6, 2014. The EEOC would have had the opportunity to investigate these actions during

---

[2]     As previously indicated, these two actions are now the subject of Plaintiff's fourth EEOC filing.

4

their investigation as they obviously occurred during the pendency of the investigation.[3]  As this

district has held:

> Given that the administrative exhaustion requirement's purpose is, at least
> in part, to put potential defendants on notice while giving the EEOC the
> opportunity to investigate and, if possible, to mediate claims, in this
> situation the EEOC would have already had the opportunity to investigate,
> making a second filing unnecessary....Therefore, this Court should be
> permitted to review the full scope of Plaintiff's retaliation claim, inasmuch
> as both actions are reasonably related.
> *Delisle v. Brimfield Tp. Police Dept.*, 94 Fed. Appx. 247, 254 (6th Cir. 2004)
> (unpublished).

Events happening while the EEOC investigation was ongoing are reasonably expected to

grow out of the EEOC charge and could have been investigated during that time.  Therefore,

Plaintiff will be allowed to Amend her Complaint to add paragraph 96 sections 1 and 2 as it relates

to the discrimination claims against Defendant. (ECF #14-2, page #222).

What is less clear is whether Plaintiff should be permitted to amend her Complaint to add

the four actions that occurred after the EEOC investigation concluded on October 16, 2014.

Defendant argues that these events occurred after the close of the EEOC's investigation and do not

fall into the scope of the investigation exception. (ECF #15).  While it may seem efficient and fair

to include all of Plaintiff's additional charges, the Court cannot grant Plaintiff leave to amend her

complaint incorporating claims occurring after the EEOC investigation ended.

This Court has no evidence to find that the four claims from January - April 2015 have

been exhausted as mandated by Title VII.  Interestingly, Plaintiff is now asking this Court to allow

more instances of alleged adverse personnel actions into the current lawsuit by submitting a VA

---

[3]     In fact, the Plaintiff contacted her EEOC Counselor at the VA on October 15,
2014 regarding these claims. (ECF # 11-7).

5

Memorandum dated May 11, 2015 indicating that an informal grievance filed by Plaintiff against Defendant was denied. (ECF #19-2). Plaintiff was told she had ten calendar days to file a formal grievance, and clearly, has not exhausted her administrative remedies for that Complaint.

There is an interest in protecting the administrative procedures of the EEOC so that Plaintiffs cannot bring countless Title VII charges to federal court. In this case, Plaintiff's claims have neither gone through the required exhaustive administrative procedure, nor do they fall into an exception to such procedures. Naturally it seems that claims occurring after the EEOC investigation have concluded could not possibly fall into the scope of the investigation, and this district has stated that "[r]ecognizing this, courts have refused to accommodate claims for allegedly adverse actions that occurred after the completion of the subject EEOC investigation since, as a practical matter, the facts related to the later claim would never have been investigated, as part of the original process since they had not yet occurred." *Lybarger v. Gates*, 1:10 CV 0373, 2012 WL 1095915, at *8 (N.D. Ohio Mar. 30, 2012).

For these reasons, Plaintiff may amend her complaint only to add the claims that occurred during the EEOC investigation, which concluded on October 16, 2014. Plaintiff shall be granted leave to amend her Complaint to include the 3-day suspension in September 2014 and the exclusion from the Mental Health area Ethics Team beginning on October 6, 2014. The remaining amendments would be futile; they would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) having not gone through exhaustive EEOC administrative procedures and failing to fall under any exception to such procedure.

## II.     Whistleblower Claims

Plaintiff's Amended Complaint alleges that the same six actions asserted to be

6

discriminatory were also done as reprisal for her filing the EEOC complaints, which violates the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302. The WPA and its amendments provide protection to federal employees against agency reprisal for activities such as disclosing illegal conduct, gross mismanagement, gross waste of funds, or actions that could be a substantial danger to health or safety. 5 U.S.C. § 2302(b)(8). This section of the WPA further "prohibits adverse personnel actions against federal government employees in reprisal" for making such disclosures, or "whistleblowing." *Id.*

The WPA is an amendment to, and therefore a part of, the Civil Service Reform Act of 1978 (CSRA). Therefore, courts have concluded that WPA claims are to be considered under the procedural framework of the CSRA. *See, e.g., Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 682 (Fed. Cir. 1992). The statute requires that an employee who believes she was subjected to retaliation "shall seek corrective action from the Office of Special Counsel ("OSC")." 5 U.S.C. § 1214(a)(3). If unsatisfied with the OSC's response, the employee may then file a complaint with the Merit Systems Protection Board ("MSRB"). 5 U.S.C. § 1221(a).

However, an employee is permitted to bypass the OSC if a more serious adverse personnel action has been taken, such as termination, reductions in pay or grade, suspensions of 14 days or more, or certain furloughs. 5 U.S.C. § 7512(1-5). In such a situation, an employee can appeal directly to the MSPB due to the severity of the actions alleged. If an employee wishes to appeal the MSPB decision, the WPA allows the employee to obtain judicial review of the decision. However, only the United States Court of Appeals for the Federal Circuit, and not the district court, has jurisdiction to review MSPB decisions regarding retaliation claims. 5 U.S.C. § 2302(b)(8). Courts have held that "under no circumstances does the WPA grant the district court

7

jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance." *See, e.g., Stella v. Mineta*, 284 F.3d 135, 142 (D.C.Cir. 2002).

There is one exception to this procedural framework that allows an employee to file a WPA retaliation claim in district court - when an employee files a "mixed case." A mixed case is defined as one that alleges both a serious adverse personnel action (retaliation), and that the action was motivated by discrimination. *See* 5 USC 7702(a)(1)(a), *Kloekner v. Solis*, 133 S.Ct. 596, 601 (2012). The "serious adverse personnel actions" are those previously listed herein as directly appealable to the MSPB - terminations, reductions in pay or grade, suspensions of 14 days or more, or certain furloughs. 5 U.S.C. §7512(1-5). In the absence of one of these enumerated adverse actions the case is not a "mixed case" and the district court does not have jurisdiction. *See, e.g., Walia v. Napolitano*, 986 F.Supp.2d 169, 181 (E.D.N.Y. 2013)(citations omitted) "in order to bring a mixed case appeal, a plaintiff must allege that the defendant has taken one of the five designated actions against him and that 'a basis for the action was discrimination...").

Applying this procedural framework here, it is clear that the Plaintiff has not properly presented a mixed case claim in the Amended Complaint. The procedures for bringing a mixed case are as follows:

> An employee may initiate a mixed case by filing a discrimination complaint with the agency. If the agency decides against the employee, she may either appeal the agency's decision to the MSPB or sue the agency in district court. Alternatively, the employee can bypass the agency and bring her mixed case directly to the MSPB. If the MSPB upholds the personnel action, whether in the first instance or after the agency has done so, the employee is entitled to seek judicial review.
> *Kloeckner*, 133 S. Ct. 598.

As discussed in Defendant's Partial Motion to Dismiss (ECF #11-1), not only do Ms. Leligdon's

8

original allegations not meet the substantive criteria of a mixed case, but she has not followed the necessary procedures for properly bringing a mixed case before this Court. The additional allegations - six alleged events that occurred from September 2014 through February 2015 - do not reach a level of severity warranting a direct appeal to the MSPB. Furthermore, even if Plaintiff's claims were appealable to the MSPB and could establish a mixed case, there is no evidence that Plaintiff has presented the amendments to the Office of Special Counsel or the MSPB. *See* ECF 11-8. Therefore, Plaintiff may not include the WPA cause of action in her Amended Complaint.

Plaintiff has not exhausted her administrative remedies under the WPA, and this Court does not have jurisdiction over WPA claims in the Proposed Amended Complaint submitted by Plaintiff. (ECF #14-2).  Amending the Complaint to include subsequent allegations under the WPA claim would be futile, as the WPA cause of action would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) even with these amendments.  For these reasons, Plaintiff's retaliation claims must proceed through the statutorily enacted procedural framework provided by the WPA and Plaintiff's Amended Complaint may not include a claim for violation of the WPA.

## CONCLUSION

For all of the above reasons, Plaintiff's Opposed Motion for Leave to File a First Amended Complaint (ECF #14) is GRANTED in part and DENIED in part. Plaintiff may amend her complaint to include the claims regarding the 3-day suspension in 2014 and exclusion from the Mental Health area Ethics Committee beginning on October 6, 2014, to her Title VII cause of action. Plaintiff may not amend her complaint to include the other additional adverse actions listed in her Proposed Amended Complaint to her Title VII claim as such amendments would be futile.

9

Plaintiff may not include claims under the Whistleblower Protection Act in her Amended Complaint without having followed the appropriate administrative procedures as such claims would not survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss and are therefore futile.

Furthermore, Plaintiff's Opposed Motion for Leave to File Surreply Memorandum in Support of Motion for Leave to File Amended Complaint (ECF #19) is DENIED.

Plaintiff has seven days to file an Amended Complaint in compliance with the guidelines set forth in this Order. If Plaintiff files an Amended Complaint, Defendant's Partial Motion to Dismiss (ECF #11) regarding Plaintiff's previous Complaint will be moot. Defendant may file a subsequent motion to dismiss in response to Plaintiff's Amended Complaint if necessary.

IT IS SO ORDERED.


_Donald C. Nugent_
DONALD C. NUGENT
United States District Judge

DATED: _June 9, 2015_

10