IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAULA LELIGDON, | ) | CASE NO. 1:14 CV 2810 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT A. McDONALD, | ) | MEMORANDUM AND OPINION |
| Secretary, U.S. Department of | ) | |
| Veterans Affairs | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before this Court on a Partial Motion to Dismiss Second Amended

Complaint filed by Defendant, Robert A. McDonald, Secretary of the U.S. Department of

Veterans' Affairs (hereafter the "VA"). (ECF #25).  Paula Legligdon (hereafter "Plaintiff") timely

filed an Opposition to Defendant's Motion. (ECF #26).  For the reasons more fully set forth herein,

Defendant's Motion is GRANTED in part and DENIED in part.

FACTUAL AND PROCEDURAL HISTORY[1]

On June 15, 2015, Plaintiff filed her Second Amended Complaint[2] against Defendant

claiming that she was discriminated against while working in the VA's social work department at

---

[1]     For purposes of this Memorandum, the Court accepts as true the facts as alleged
and presented in the complaint, and will consider documents referred to in the
complaint as integral to Plaintiff's claims and will be considered when ruling on
Defendant's Partial Motion to Dismiss. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86,
89 (6th Cir. 1997).

[2]     Plaintiff's original Complaint was filed with this Court on December 23, 2014.
(ECF #1).

the Louis Stokes Medical Center located in Cleveland, Ohio.  Plaintiff brings her action under

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. ("Title VII"), and the Age

Discrimination in Employment Act, 29 U.S.C. §§633a, et seq. ("ADEA").  (ECF #23, ¶1).

Generally speaking, the Plaintiff alleges that since 2010, managerial employees at the VA have

subjected her to "unlawful discrimination, maltreatment, humiliation, isolation and retaliation" as

well as "harassment" and "a hostile work environment." (Id. at ¶2).

More specifically, Plaintiff has filed four formal complaints with the Equal Employment

Opportunity Commission ("EEOC") against the VA:

1. June 23, 2011- Agency Case No. 200H-0541-2011-102788.
Alleged age discrimination.  Withdrawn by Plaintiff and dismissed
on March 28, 2013. (ECF #11-4).

2. July 23, 2012 - Agency Case No. 200h-0541-2012-03512.
Alleged hostile work environment and age discrimination based upon
reprisal for the first EEOC complaint. A final appealable decision ("FAD")
issued on January 28, 2014 found that "Complainant failed to prove that
she was discriminated against as claimed." (ECF #11-5, p. 15).  Plaintiff
did not appeal to the EEOC or file a civil action. (ECF #11-2(2)(b)).

3. August 30, 2013 - Agency Case No. 200H-VI10-2013-103868.
Alleged a hostile work environment based upon reprisal.  The EEOC
accepted for investigation 33 events alleged by Plaintiff to have
occurred from August 2012 through August 9, 2014 that supported her
"overall hostile work environment claim." The investigation was
completed October 16, 2014 and was dismissed on January 12, 2015
because Plaintiff filed this lawsuit. (ECF #11-2(2)(c)).

4. November 26, 2014 - Agency Case No. 200H-VI10-2015100265.
Plaintiff filed a fourth EEOC complaint against the VA, alleging
she was subjected to a hostile work environment based upon reprisal
when she was suspended from duty for three days in September 2014
and that on October 6, 2014, Plaintiff was denied a position on the

Mental Health area Ethics Team. (ECF #11-7).[3]

On June 9, 2015, this Court issued an Order allowing Plaintiff to add the two events from the fourth EEOC filing to the Second Amended Complaint because although not exhausted administratively, these events occurred while the EEOC investigation was ongoing and could have been investigated during that time. *See* ECF #22, p. 5. Therefore, Plaintiff's Second Amended Complaint contains allegations relating to all of the events set forth in the four EEOC complaints outlined above.

Defendant argues Plaintiff's claims in the first and second EEOC filings should be dismissed because Plaintiff failed to exhaust her administrative remedies and they are untimely. *See* ECF #25-1. Defendant submits that the claims within the third EEOC complaint were timely filed, but asks this Court to limit the scope of Plaintiff's claim. See ECF #25-1, p. 11.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See* Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 566 (6th Cir.2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh.* 487 F.3d 471, 476 (6th Cir.2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County.* 220 F.3d 433, 446 (6th Cir.2000).

---

[3]     This complaint was accepted by the EEOC on January 14, 2015 and the investigation is pending. (ECF #11-7).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007). That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland,* No. 06–3823, 2007 WL 2768285, at *2 (6th Cir. Sept.25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly,* 127 S.Ct. at 1974.

On a motion brought under Rule 12(b)(6), this court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account.  See Amini v. Oberlin college, 259 F.3d 493, 502 (6th Cir. 2001).  It is with this standard in mind that the instant Motion will be decided.

## ANALYSIS

Plaintiff's Second Amended Complaint alleges discriminatory and retaliatory actions taken against her by employees of the VA from sometime in 2010 to October 6, 2014.  Specifically, Plaintiff alleges age discrimination in violation of the ADEA and gender discrimination and retaliation in violation of Title VII.

The ADEA makes it unlawful for an employer to "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such

-4-

individual's age." 29 U.S.C. §623(a)(1).  Title VII prohibits an employer from discriminating

"against any individual with respect to [her] compensation, terms, conditions, or privileges of

employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.

§2000e-2(a)(1).  Furthermore, Title VII contains an anti-retaliation provision that provides in

relevant part: "it shall be an unlawful employment practice for an employer to discriminate against

any of his employees...because [the employee] has opposed any practice made an unlawful

employment practice by this subchapter." 42 U.S.C. §20000e-3(a).

    This Court will address Plaintiff's allegations as they relate to each EEO complaint, as each

filing contains separate factual allegations and invoke different legal standards.

    I.    EEOC No. 1 - Age Discrimination

    This Complaint was accepted for investigation by the EEOC to determine "whether

complainant was discriminated against based on age when on March 31, 2011 she was not selected

for the position of Caregiver Support Coordinator..." (ECF #11-3.)  See also ECF #11-2(2)(a).[4]

The Plaintiff withdrew her EEOC Complaint and an Order of Dismissal was issued by the EEOC

on March 28, 2013. (ECF #11-4).   The record before this Court indicates that Plaintiff did not

refile or appeal this matter with the EEOC.  Rather, Plaintiff brings this age discrimination claim

through this lawsuit filed December 23, 2014.

---

[4]    This Court notes that Plaintiff alleges in ¶21 of the Second Amended Complaint
       that this EEO complaint also included gender discrimination claims, however,
       such a claim is not reflected in the record.

Under the ADEA, a federal employee seeking redress for age discrimination may choose to either file an administrative EEO complaint and then file a civil action, or may proceed immediately to federal court. 29 U.S.C. §§633a(b-d); *Hunter v. Sec. of U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009)(*citing Stevens v. Dept. of Treasury*, 500 U.S. 1 (1991)).  If the employee chooses the administrative route, as Plaintiff did herein, there are timelines and procedures that one must follow. *See* 29 C.F.R. §1614.105(a)(1).  Once the EEO matter is decided or dismissed, the relevant statute of limitations for ADEA actions is set forth as follows:

> If a charge filed with the Commission under this chapter is dismissed or the proceedings of the Commission are otherwise terminated by the Commission, the Commission shall notify the person aggrieved. A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the date of the receipt of such notice. 29 U.S.C. § 626(e).

Therefore, Plaintiff was required to file her civil action in this Court within 90 days of receiving the notice of FAD.[5]  Plaintiff filed this action on December 23, 2014, which clearly does not comply with these filing time constraints.  It is a long-standing principle that where administrative procedures exist to remedy a claim, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41 (1938).  This principle certainly holds true in cases alleging discrimination under federal law.  *See, e.g., Burden v. U.S. Postal Service*, 345 Fed.Appx. 972 (6th Cir. 2009)(granting summary judgment where plaintiff failed to exhaust administrative remedies in discrimination and retaliation case).

---

[5]  The earlier filing deadline could have been 180 after filing the filing the administrative complaint, *see* 29 C.F.R. §1614.407, but those circumstances are not relevant to the case herein.

Moreover, this Circuit has routinely held that failure to timely exhaust administrative remedies is an appropriate basis for dismissal of an ADEA action. *Hoover v. Timken Co.*, 30 Fed.Appx.511 (6th Cir. 2002)(*citing in part Oscar Meyer & Co. v. Evans*, 441 U.S. 750, 753 (1979). *See also McCrary v. Ohio Civil Service Employees Assn. Local 11 AFL–CIO,* 18 Fed. Appx. 281, 284 (6th Cir.2001) (failure to show exhaustion bars ADEA claim).

Finally, it has been found that dismissing or abandoning an EEO claim precludes a party from filing suit in district court. *See Schupbach v. Gates*, No. 11-CV-115, 20011 WL 5282681, *5 (S.D.Ohio Nov. 2, 2011). The record before this Court indicates that Plaintiff did not pursue this age discrimination claim in a timely manner. Therefore, Plaintiff's age discrimination claim based upon the event of March 31, 2011 is dismissed for failure to exhaust her administrative remedies.

II.      EEOC Case No. 2 - Hostile Work Environment based upon Age or Reprisal

In this complaint, filed July 23 2012, Plaintiff alleged she was discriminated against based on her age and as reprisal for filing the first EEO complaint.[6] The VA reviewed four specific events Plaintiff alleged were discriminatory:

- on May 8 and 9, 2012, Plaintiff was excluded from a meeting of the Mental Health 7-Day Monitor Committee;

- on June 12, 2012, Plaintiff was not selected for the position of Supervisory Social Worker (Assistant Chief);

- on June 20, 2012, Plaintiff was removed from the Psychiatry Grand Rounds Committee; and

- on August 8, 2012, Plaintiff was denied her request to become a member of

---

[6]     There was no gender discrimination allegation in this filing, thereby making Paragraph 27 of the Second Amended Complaint inaccurate.

-7-

the Mental Health Monitor Workshop. (ECF #11-5, pp. 2-3).[7]

On January 28, 2014 the VA issued a 17-page FAD finding that Plaintiff "failed to prove that she was discriminated against as claimed" and dismissed the case. (*Id*. at p. 15).  This FAD also instructed Plaintiff regarding the appropriate timeline in which to appeal the decision to the EEOC or file a federal civil lawsuit. (*Id*. at pp. 15-17).  Plaintiff did not file an appeal or a civil action based upon the FAD. (ECF #11-2(b).)  Rather, Plaintiff raises these allegations in her Complaint filed with this Court on December 23, 2014.[8]

It has already been established that Plaintiff would have had 90 days in which to file her age discrimination claim relating the events in this EEOC filing with this Court.  Plaintiff failed to do so and has not presented any argument to waive such filing requirement.[9]  Therefore, Plaintiff's claims of age discrimination relating to the events from May 8, 2011 through August 8, 2011 are hereby dismissed.

Plaintiff's claims of hostile work environment and retaliation during this time period are also untimely, and therefore, will be dismissed.  This Circuit has long held that before a federal employee may bring a Title VII-workplace discrimination lawsuit, she must first exhaust her administrative remedies. *Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003).  An employee must first initiate contact with an EEO counselor within 45 days of the alleged discrimination; and

---

[7]     Claims 2, 3 and 4 were also accepted as independently actionable claims of age discrimination and reprisal. (ECF #11-5).

[8]     See ECF #23, ¶¶24-27.

[9]     Plaintiff's Opposition to Defendant's Motion to Dismiss merely refers this Court to Plaintiff's Motion to Amend the Complaint, which does not specifically state equitable or other reasons to toll the time limitations for filing an age discrimination claim under the ADEA.

if that informal counseling proves unsuccessful, the employee has 15 days to file a formal complaint. 29 C.F.R. §1614.105(a)-(d)(2012). At that point, the employee can sue in federal court, but he has a limited amount of time: 90 days after the agency's final decision or 180 days after filing the administrative complaint, depending on the circumstances. Id. § 1614.407. Failure to follow these steps is grounds for dismissing the lawsuit. *Steiner*, 354 F.3d at 435.

When drafting Title VII and its associated regulations, (29 C.F.R. §1614, *et seq*.) Congress conditioned the government's waiver of sovereign immunity upon a plaintiff's satisfaction of "rigorous administrative exhaustion requirement and time limitations." *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002)(*citations omitted*). Therefore, a plaintiff must comply with these requirements and time limitations in order to file a discrimination lawsuit against a federal employer.

The record reflects that Plaintiff did not file these claims within 90 days of receiving the FAD and there is nothing to show that this action was otherwise timely.[10] Therefore, the allegations regarding hostile work environment and retaliation contained in the second EEOC filing, dating from May 8, 2012 til August 8, 2012, were not timely filed and are hereby dismissed.

3.      EEOC Case No. 3 - Hostile Work Environment based upon Reprisal

Plaintiff's Second Amended Complaint states that "[o]n August 30, 2013, Plaintiff filed her third formal EEOC complaint, alleging reprisal and hostile work environment..." (ECF #23, ¶99).  The Defendant argues that since Plaintiff "failed to raise a charge of gender or age

---

[10]     Again, Plaintiff's Opposition to Defendant's Motion to Dismiss merely refers this Court to Plaintiff's Motion to Amend the Complaint, which does not specifically state equitable or other reasons to toll the time limitations for filing an hostile work environment or retaliation claim under Title VII.

-9-

discrimination" in this third EEO complaint, this Court should dismiss both claims for failure to exhaust administrative remedies. (ECF #25-1, p. 12).  To resolve this issue, each discrimination claim must be reviewed separately.

A.      Gender Discrimination Claim

The letter written by Regional EEO Officer Rodger Evans, dated August 21, 2014, indicates that Plaintiff had filed her Eleventh Amendment (hereafter "Amendment") to the EEO complaint.  (ECF #11-6).  This Amendment asked the EEO to investigate one more alleged discriminatory event:

> "whether the complainant was subjected to a hostile work environment based
> on sex (female) and reprisal for prior EEO activity when on a continuous basis
> beginning in 2010 thru August 9, 2014, agency officials and agents have harassed
> the complainant and deprived her privacy through the surveillance of her home,
> elsewhere, and private communications"  (Id.)

This Amendment was considered "sufficiently related to the overall pattern of harassment" in the EEO complaint and therefore added as event 33 to the list of 32 previously accepted events already being investigated. (Id.)[9]  The complaint was then amended as follows: "whether the complainant was subjected to a hostile work environment based on reprisal for prior EEO activity as evidenced by the following events...[thereby listing all 33 events to be investigated]." (Id. at p. 2, ¶5).

This document is unclear as to whether the EEO adopted the gender discrimination claim as part of its current investigation.  The Plaintiff submitted the Amendment to include "hostile work environment based on sex (female)" as it relates to alleged surveillance of her home

---

[9]      These alleged discriminatory events occurred between August 2012 and July 31, 2014.

beginning in 2010 thru August 9, 2014.  But it appears that the EEO may have eliminated gender from the alleged surveillance claim when it <u>accepted</u> the Amendment by stating it would investigate "hostile work environment based on reprisal..." with no mention of the gender discrimination claim.  Therefore, this Court cannot dismiss Plaintiff's gender discrimination claim through a Rule 12(b)(6) motion to dismiss as it is unclear whether Plaintiff appropriately raised this claim in her EEO complaint.  This issue needs to be borne out through further discovery and can be addressed in subsequent pleadings.  For this reason, Defendant's motion to dismiss Plaintiff's gender discrimination claim as it relates to this third EEO complaint is denied.

B.     Age Discrimination Claim

We now turn to Defendant's motion to dismiss Plaintiff's age discrimination claim, which Plaintiff alleges she raised in the third EEO complaint.[10]  It is clear from the evidence before this Court that there was no age discrimination claim within this third EEO complaint.  The Plaintiff amended this internal complaint eleven times over the course of one year, and none of these amendments refer to Plaintiff's age.  This EEO investigation was completed on October 16, 2014 with a finding that no discrimination occurred.  Plaintiff has not appealed with the EEOC or requested a FAD for this complaint. (ECF #11-2(2)(c)).[11]

As has already been outlined herein, a plaintiff bringing an age discrimination claim must exhaust her administrative remedies before filing a federal civil lawsuit. *See Hoover, supra* (citations omitted).  There is no evidence before this Court to show that Plaintiff properly raised

---

[10]     See ECF #23, ¶114.

[11]     As previously indicated, this matter was dismissed on January 12, 2015 because it became the subject of this pending lawsuit. (ECF #11-2(2)(c)).

age discrimination as a claim during this third EEO filing. Therefore, this Court will dismiss

Plaintiff's age discrimination claim as it relates to the 33 events listed in the third EEO complaint

for failure to exhaust administrative remedies.

CONCLUSION

For the reasons set forth in this Memorandum, this Court rules upon Defendant's Partial

Motion to Dismiss (ECF #11-1) as follows:

- GRANTS dismissal of Plaintiff's age discrimination claim contained in EEO filing 200H-0541-2011-102788;

- GRANTS dismissal of Plaintiff's hostile work environment and age discrimination based upon reprisal claims contained in EEO filing 200H-0541-2012-03512;

- GRANTS dismissal of Plaintiff's age discrimination claim contained in EEO filing 200H-VI10-2013-103868); and

- DENIES dismissal of Plaintiff's gender discrimination claims contained in EEO filing 200H-VI10-2013-103868).

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: _October 2, 2015_