UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAULA M. LELIGDON, | ) | CASE NO. 1:14 CV 2810 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT MCDONALD, | ) | |
| Secretary, United States Department of | ) | |
| Veterans Affairs, | ) | |
| | ) | |
| | ) | ANSWER TO SECOND AMENDED |
| Defendant. | ) | COMPLAINT |

Defendant, Robert McDonald, Secretary, United States Department of Veterans Affairs

("VA"), for his Answer to the Second Amended Complaint in this matter hereby states as

follows:

**Nature of Action**

1. Defendant denies the allegations in the first sentence in paragraph 1. The second

sentence of paragraph 1 states a legal conclusion to which no response is required. To the extent

a response is required, Defendant admits that this action is brought under Title VII of the Civil

Rights Act of 1964 ("Title VII"). Defendant denies that this action is brought under the Age

Discrimination in Employment Act ("ADEA"), as all ADEA claims were dismissed pursuant to this Court's October 2, 2015 Order (ECF No. 28).

      2.      Defendant admits that Plaintiff began working for the Cleveland VA as a Clinical Social Worker in 2004.  In 2009, Plaintiff became a Supervisory Social Worker, Psychiatry, GS-12.  Plaintiff's duties include supervision of 11 social workers and 1 program assistant, clinical oversight of cases, and a direct service caseload in the Outpatient Mental Health Department. Defendant admits that Plaintiff is a participant in the Ethics Committee.   Defendant denies the remaining allegations in paragraph 2.

## Jurisdiction and Venue

      3.      The allegations contained in paragraph 3 are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits this action arises under Title VII.  Defendant denies that this action is brought under ADEA, as all ADEA claims were dismissed pursuant to this Court's October 2, 2015 Order (ECF No. 28).

      4.      Defendant denies the allegations in paragraph 4.

      5.      Defendant denies the allegations in paragraph 5.

      6.      The allegations contained in paragraph 6 are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that venue is proper in the Northern District of Ohio.

## Parties

      7.      Defendant admits the allegations in the first sentence of paragraph 7.   Defendant further admits Plaintiff was a member of the Psychiatry Grand Rounds Committee.  Defendant denies the remaining allegations in paragraph 7.

8.      Defendant admits the allegations in paragraph 8.

## Facts

*The unnumbered paragraph at the top of page 4 of the Second Amended Complaint contains Plaintiff's characterizations and, thus, no response is required. To the extent a response is required, Defendant denies the allegations.*

9.      Defendant admits the allegations in paragraph 9.

10.     Defendant denies the allegations in paragraph 10.

11.     Defendant denies the allegations in paragraph 11.

12.     Defendant denies the allegations in paragraph 12.

13.     Defendant lacks knowledge or information sufficient to determine the truth or falsity of the allegations in the first and second sentences of paragraph 13, and therefore denies the same. Defendant denies the allegations in the last two sentences in paragraph 13.

14.     Defendant denies the allegations in paragraph 14.

15.     Defendant lacks knowledge or information sufficient to determine the truth or falsity of the allegations paragraph 15, and therefore denies the same.

16.     Defendant denies the allegations in first, second, third, and fourth sentences of paragraph 16. Defendant lacks knowledge or information sufficient to determine the truth or falsity of the allegations in the fifth, sixth, and seventh sentences of paragraph 16, and therefore denies the same.

17.     Defendant denies the allegations in paragraph 17.

18.     Defendant denies the allegations in paragraph 18.

19.     Defendant denies the allegations in paragraph 19.

3

20.     Defendant admits that Plaintiff filed an EEO Complaint regarding her non-selection as Caregiver Support Coordinator, Agency Case No. 200H-0514-2011-102788.  Claims related to Agency Case No.  200H-0514-2011-102788 were dismissed pursuant to the Court's October 2, 2015 Order (ECF No. 28).

21.     Defendant admits that Plaintiff filed an EEO Complaint regarding her non-selection as Caregiver Support Coordinator, Agency Case No. 200H-0514-2011-102788.  Claims related to Agency Case No.  200H-0514-2011-102788 were dismissed pursuant to the Court's October 2, 2015 Order (ECF No. 28).   Defendant denies the remaining allegations in paragraph 21.

22.     Defendant lacks knowledge or information sufficient to determine the truth or falsity of the allegations in paragraph 22, and therefore denies the same.

23.     Defendant denies the allegations in paragraph 23.

24.     Defendant admits that Plaintiff filed an EEO Complaint regarding her non-selection as Assistant Chief of Social Work, Agency Case No. 200h-0541-2012-03512.  Claims related to Agency Case No. 200h-0541-2012-03512 were dismissed pursuant to the Court's October 2, 2015 Order (ECF No. 28).

25.     Defendant admits that Plaintiff filed an EEO Complaint regarding allegations that Dr. David Blank removed her from the Psychiatry Grand Rounds Committee, Agency Case No. 200h-0541-2012-03512.  Claims related to Agency Case No. 200h-0541-2012-03512 were dismissed pursuant to the Court's October 2, 2015 Order (ECF No. 28).

26.     Defendant admits that Plaintiff filed an EEO Complaint regarding allegations that Plaintiff was removed from the Mental Health Monitor Committee, Agency Case No. 200h-

0541-2012-03512.  Claims related to Agency Case No. 200h-0541-2012-03512 were dismissed pursuant to the Court's October 2, 2015 Order (ECF No. 28).

27.     Defendant admits that Plaintiff filed Agency Case No. 200h-0541-2012-03512 on July 23, 2012.  The Defendant further states that the documents speak for themselves.  Claims related to Agency Case No. 200h-0541-2012-03512 were dismissed pursuant to the Court's October 2, 2015 Order (ECF No. 28).

28.     Defendant admits that Esmurdoc became Plaintiff's first-line supervisor in July 2012.  Defendant denies the remaining allegations in paragraph 28.

29.     Defendant lacks knowledge or information sufficient to determine the truth or falsity of the allegations paragraph 29, and therefore denies the same.

30.     Defendant lacks knowledge or information sufficient to determine the truth or falsity of the allegations paragraph 30, and therefore denies the same.

31.     Defendant lacks knowledge or information sufficient to determine the truth or falsity of the allegations in paragraph 31, and therefore denies the same.

32.     Defendant lacks knowledge or information sufficient to determine the truth or falsity of the allegations in paragraph 32, and therefore denies the same.

33.     Defendant lacks knowledge or information sufficient to determine the truth or falsity of the allegations in paragraph 33, and therefore denies the same.

34.     Defendant admits that Jason Gatliff told Plaintiff he was aware of a prior EEO Complaint in November 2012.  Defendant denies the remaining allegations in paragraph 34.

35.     Defendant denies the allegations in paragraph 35.

36.     Defendant lacks knowledge or information sufficient to determine the truth or falsity of the allegations in the first sentence of paragraph 36, and therefore denies the same.

37.     Defendant admits that Plaintiff received a "Fully Successful" in her 2011-2012 Performance Appraisal.  Defendant admits that Plaintiff received an "Outstanding" on her Performance Appraisals in the 2007-2008, 2008-2009, 2009-2010, and 2010-2011 rating periods. Defendant denies the remaining allegations in paragraph 37.

38.     Defendant admits that Plaintiff submitted a memorandum dated November 30, 2012, to Aquilina and Esmurdoc requesting review of her 2011-2012 Performance Appraisal.

39.     Defendant admits that Plaintiff met with Joe Picklo in December 2012. Defendant denies the remaining allegations in paragraph 39.

*Defendant denies the allegations in the unnumbered paragraph on page 10 of the Second Amended Complaint.*

40.     Defendant lacks knowledge or information sufficient to determine the truth or falsity of the allegations in paragraph 40, and therefore denies the same.

41.     Defendant lacks knowledge or information sufficient to determine the truth or falsity of the allegations in paragraph 41, and therefore denies the same.

42.     Defendant admits the allegations in the first sentence of paragraph 42.  Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations in the second sentence of paragraph 42, and therefore denies the same.

43.     Defendant admits that on March 15, 2013, Plaintiff sent an email to Dr. Altose and Fuehrer and attached a document to be included with the grievance of her 2011-2012

Performance Appraisal.   Defendant further states that the document speaks for itself.  Defendant denies the remaining allegations in paragraph 43.

44.     Defendant denies the allegations in paragraph 44.

45.     Defendant admits the allegations in paragraph 45.

46.     Defendant denies the allegations in the first sentence of paragraph 46.  Defendant lacks knowledge or information sufficient to determine the truth or falsity of the allegations in the second and third sentences of paragraph 46, and therefore denies the same.   Defendant denies the remaining allegations in paragraph 46.

47.     Defendant lacks knowledge or information sufficient to determine the truth or falsity of the allegations in the first, second, third, and fourth sentences of paragraph 47, and therefore denies the same.   Defendant admits that Plaintiff emailed Fuehrer on April 1, 2013, and further states that the document speaks for itself.  Defendant denies the remaining allegations in paragraph 47.

48.     Defendant denies the allegations in paragraph 48.

49.     Defendant admits that Esmurdoc met with Plaintiff on May 20, 2013, to discuss Reports of Contact completed by Plaintiff's subordinates, including a Report of Contact made by Susan Lipkin.   Defendant admits that Esmurdoc told Plaintiff that her response to his request for a meeting on May 17, 2013 was inappropriate.   Defendant further admits that Esmurdoc stated that refusing to meet with him and asking for "more specifics" on the meeting was not appropriate and would be viewed as insubordination.   Defendant denies the remaining allegations in paragraph 49.

7

50.     Defendant admits the allegations in the first sentence of paragraph 50.   Defendant denies the remaining allegations in paragraph 50.

51.     Defendant admits that on June 3, 2013, Esmurdoc and Aquilina met with Plaintiff and provided her with Reports of Contact from Susan Lipkin, dated May 14, 2013; Ronald Copen, dated May 20, 2013; George Kasidonis, via Aquilina, dated May 29, 2013; and Dr. Blank, via Aquilina, dated May 21, 2013.   Defendant denies the allegations in sentences two and three of paragraph 51.  Defendant admits that Plaintiff submitted an email response to Esmurdoc and Aquilina on June 7, 2013, and responses to the Reports of Contact, dated August 19, 2013, August 21, 2013, and August 22, 2013.  Defendant further states that the documents speak for themselves.

52.     Defendant admits that Esmurdoc met with Plaintiff on June 12, 2013, to discuss her leave usage and her workload.   Regarding the second and third sentences of paragraph 52, Defendant admits that Plaintiff sent an email to Esmurdoc dated June 14, 2013, purporting to summarize her conversation with Esmurdoc.   Defendant further states the document speaks for itself.   Defendant denies the remaining allegations in paragraph 52.

53.     Defendant denies the allegations in paragraph 53.

54.     Defendant admits that Esmurdoc issued Plaintiff a memorandum entitled "Notification of unacceptable conduct/opportunity to improve" on July 31, 2013.  Defendant further states that the document speaks for itself.   Defendant denies the remaining allegations in paragraph 54.

55.     Defendant admits that Esmurdoc issued a memorandum to Plaintiff on July 31, 2013, entitled "Reminder of policy on requesting leave MCP 005-007."   Defendant further states the document speaks for itself.  Defendant denies the remaining allegations in paragraph 55.

56.     Defendant admits that Plaintiff drafted a letter dated August 4, 2013, to Fuehrer.  Defendant further states that the document speaks for itself.

57.     Defendant admits that in August 2013 Esmurdoc did not support Plaintiff's request to be considered to serve an additional term on the Professional Standards Review Board.  Defendant denies the remaining allegations in paragraph 57.

*Defendant denies the allegations in the unnumbered paragraph on page 15 of the Second Amended Complaint.*

58.     Defendant admits that on August 30, 2013, Plaintiff filed a third EEO complaint against the VA, Agency Case No. 200H-VI10-2013-103868.  The accepted claims were whether Plaintiff was subjected to a hostile work environment or discrete acts of discrimination based on reprisal for prior EEO activity.

59.     Defendant admits that on September 4, 2013, the Cleveland VA EEO Office issued a memorandum outlining the outcome of its fact-finding investigation conducted in response to allegations submitted by employees supervised by the Plaintiff.   The memorandum reported "no finding of a hostile work environment as defined by Equal Opportunity Law."  Defendant further states that the document speaks for itself.  Defendant admits that Aquilina met with Plaintiff to deliver the results of the report.  Defendant denies the remaining allegations in paragraph 59.

9

60.     Defendant admits that Esmurdoc issued Plaintiff a Report of Contact on October 23, 2013, entitled "Notification of violation of leave policy and opportunity to improve." Defendant further states that the document speaks for itself.  Defendant admits the allegations in the third sentence of paragraph 60.   Defendant further admits that Aquilina was present the meeting.  Defendant denies the remaining allegations in paragraph 60.

61.     Defendant admits that Plaintiff wrote a letter dated November 2, 2013, to Fuehrer regarding the October 23, 2013 Report of Contact.  Defendant further states the document speaks for itself.  Defendant denies the allegations in the final sentence of paragraph 61.

62.     Defendant admits that Plaintiff and John McKinney had a dispute regarding Plaintiff's request for a meeting in October 2013.  Defendant denies the remaining allegations in paragraph 62.

63.     Defendant admits that Dr. Bond declined to create a Report of Contact regarding McKinney.   Defendant denies the remaining allegations in paragraph 63.

64.      Defendant admits that Esmurdoc presented Plaintiff with a copy of a Report of Contact dated October 15, 2013, drafted by Esmurdoc.  Defendant further states that the document speaks for itself.  Defendant lacks knowledge or information sufficient to determine the truth or falsity of the allegations in the third sentence of paragraph 64, and therefore denies the same.  Defendant denies the remaining allegations in paragraph 64.

65.     Defendant admits that Plaintiff received a "Fully Successful" Performance Appraisal for the 2012-2013 rating period.  Defendant further admits that the performance rating was given to Plaintiff on December 2, 2013.   Defendant admits that Aquilina and Altose denied

Plaintiff's grievance of her 2011-2012 Performance Appraisal.  Defendant denies the remaining allegations in paragraph 65.

66.     Defendant admits Esmurdoc and Aquilina presented Plaintiff with a Memorandum entitled "Letter of Expectations," dated January 2, 2014.  Defendant further states the document speaks for itself.   Defendant denies the remaining allegations in paragraph 66.

67.     Defendant admits that on January 2, 2014, Andrea Freeman responded to an email sent by Plaintiff clarifying the VA's EEO Official Time policy.  Defendant states the document speaks for itself.  Defendant denies the remaining allegations in paragraph 67.

68.     Defendant admits that on January 2, 2014, Andrea Freeman responded to an email sent by Plaintiff clarifying the VA's EEO Official Time policy.  Defendant further states the document speaks for itself.   Defendant admits that Plaintiff copied Fuehrer on Plaintiff's response to Freeman's January 2, 2014 emails.   Defendant further admits that Fuehrer is Freeman's supervisor.  Defendant denies the remaining allegations in paragraph 68.

*Defendant denies the allegations in the unnumbered paragraph on page 19 of the Second Amended Complaint.*

69.     Defendant admits that, on March 10, 2014, Esmurdoc issued Plaintiff a written counseling, and further states that the document speaks for itself.  Defendant denies the remaining allegations in paragraph 69.

70.     Defendant admits that Esmurdoc met with Plaintiff on March 26, 2014, to deliver the March 10, 2014 Written Counseling.  Defendant denies the remaining allegations in paragraph 70.

71.     Defendant admits that on April 1, 2014, Plaintiff was issued a Report of Contact, and further states that the document speaks for itself.  Defendant denies the remaining allegations in paragraph 71.

72.     Defendant denies the allegations in paragraph 72.

73.     Defendant admits that on April 4, 2014, Esmurdoc and Aquilina each issued Plaintiff an ROC, and further states that the documents speak for themselves.  Defendant denies the remaining allegations in paragraph 73.

74.     Defendant admits that, on April 4 and April 7, 2014, Esmurdoc denied Plaintiff's requests for authorized absence.  Defendant denies the remaining allegations in paragraph 74.

75.     Defendant admits that Plaintiff contacted Dr. Altose on April 9, 2014.  Defendant further admits that Dr. Altose upheld Esmurdoc's denial.   Defendant lacks information sufficient to determine the truth or falsity of the allegations in the third sentence of paragraph 75.  Defendant denies the remaining allegations in paragraph 75.

76.     Defendant admits that, on May 12, 2014, Aquilina issued Plaintiff a Notice of Proposed Suspension, and further states that the document speaks for itself.  Defendant denies the remaining allegations in paragraph 76.

77.     Defendant states that the Notice of Proposed Suspension speaks for itself, and denies the remaining allegations in paragraph 77.

78.     Defendant states that the Notice of Proposed Suspension speaks for itself, and denies the remaining allegations in paragraph 78.

79.     Defendant admits that, on May 23, 2014, Aquilina issued Plaintiff a Letter of Reprimand.  Defendant further states that the document speaks for itself, and denies the remaining allegations in paragraph 79.

80.     Defendant admits that, on June 6, 2014, Esmurdoc and Aquilina issued Plaintiff a Notice of Reprimand and a Notice of Three-Day Suspension, and further states that the documents speak for themselves.  Defendant denies the remaining allegations in paragraph 80.

81.     Defendant states that the Notice of Three-Day Suspension speaks for itself, and denies the remaining allegations in paragraph 81.

82.     Defendant admits that, on June 13, 2014, Acting Secretary of Veterans Affairs Sloan D. Gibson issued a memorandum, and further states that the document speaks for itself. Defendant denies the remaining allegations in paragraph 82.

83.     Defendant denies the allegations contained in paragraph 83.

84.     Defendant lacks knowledge or information sufficient to determine the truth or falsity of the allegations in paragraph 84.

85.     Defendant admits that, on July 3, 2014, Esmurdoc and Aquilina issued a Letter of Counseling to Plaintiff, and further states that the document speaks for itself.  Defendant denies the remaining allegations in paragraph 85.

86.     Defendant lacks knowledge or information sufficient to determine the truth or falsity of the allegations in the first sentence of paragraph 86, and therefore denies the same.

87.     Defendant admits that, on July 22, 2014, Plaintiff sent Esmurdoc an email, requesting that he endorse her as a candidate for the VISN 10 Social Work Professional

Standards Review Board, and further states that the correspondence speaks for itself.  Defendant denies the remaining allegations in paragraph 87.

88.     Defendant admits that on July 23, 2014, Esmurdoc denied Plaintiff's request for an endorsement to serve on the VISN 10 Social Work Professional Standards Review Board, and further states that the correspondence speaks for itself. Defendant denies the remaining allegations in paragraph 88.

89.     Defendant admits that the VA ORM issued an acceptance of Plaintiff's Eleventh Amendment on August 21, 2014.  Defendant further states that the document speaks for itself. Defendant denies the remaining allegations in paragraph 89.

90.     Defendant admits that, on July 31, 2014, Esmurdoc and Aquilina issued Plaintiff a Notice of Proposed Suspension, and further states that the document speaks for itself.  Defendant denies the remaining allegations contained in paragraph 90.

91.     Defendant states that the July 31, 2014 Notice of Proposed Suspension speaks for itself.  Defendant denies the remaining allegations in paragraph 91.

92.     Defendant states that the July 31, 2014 Notice of Proposed Suspension speaks for itself.  Defendant denies the remaining allegations in paragraph 92.

93.     Defendant states that the July 31, 2014 Notice of Proposed Suspension speaks for itself.  Defendant denies the remaining allegations in paragraph 93.

94.     Defendant denies the allegations in paragraph 94.

95.     Defendant admits that, on August 22, 2014, Aquilina issued a Notice of Suspension to Plaintiff, and further states that the document speaks for itself.  Defendant denies the remaining allegations in paragraph 95.

14

96.     Defendant admits that, from September 5, 2014, to September 8, 2014, Plaintiff was suspended from employment without pay.  Defendant denies the remaining allegations in paragraph 96.

## FIRST CAUSE OF ACTION

### DISCRIMINATION

97.      Defendant repeats and re-alleges its responses to the allegations in paragraphs 1 to 96 and incorporates the same as if fully set forth herein

98.      Defendant admits that, on July 23, 2012, Plaintiff filed a formal EEO complaint, and further states that the document speaks for itself.  Defendant avers that all claims relating to this EEO Complaint were dismissed by this Court's Memorandum and Opinion dated October 2, 2015 (ECF No. 28.)  Defendant denies the remaining allegations in paragraph 98.

99.     Defendant admits that, on August 30, 2013, Plaintiff filed a formal EEO complaint, and further states that the document speaks for itself.  Defendant denies the remaining allegations in paragraph 99.

100.    Defendant admits that, on October 8, 2013, Plaintiff was charged with AWOL for two hours, and further states that the document speaks for itself.  Defendant denies the remaining allegations in paragraph 100.

101.    Defendant admits that, on October 16, 2013, Plaintiff was charged with AWOL for 15 minutes, and further states that the document speaks for itself.  Defendant denies the remaining allegations in paragraph 101.

102.    Defendant admits that, on October 23, 2013, a Letter of Counseling was issued to Plaintiff, and further states that the document speaks for itself.  Defendant denies the remaining allegations in paragraph 102.

103.    Defendant admits that, on December 2, 2013, it issued a "Fully Successful" rating to Plaintiff, and further states that the document speaks for itself.  Defendant denies the remaining allegations in paragraph 103.

104.    Defendant admits that, on April 4 and April 7, 2014, Esmurdoc denied Plaintiff's requests for authorized absence.  Defendant denies the remaining allegations in paragraph 104.

105.    Defendant admits that, on May 23, 2014, Aquilina issued Plaintiff a Letter of Reprimand.  Defendant further states that the document speaks for itself, and denies the remaining allegations in paragraph 105.

106.    Defendant admits that, on June 6, 2014, Esmurdoc and Aquilina issued Plaintiff a Notice of Reprimand and a Notice of Three-Day Suspension, and further states that the documents speak for themselves.  Defendant denies the remaining allegations in paragraph 106.

107.    Defendant admits that, on June 6, 2014, Aquilina issued Plaintiff a Letter of Reprimand, and further states that the document speaks for itself.  Defendant denies the remaining allegations in paragraph 107.

108.    Defendant admits that, on July 3, 2014, Esmurdoc and Aquilina issued Plaintiff a Letter of Counseling, and further states that the document speaks for itself.  Defendant denies the remaining allegations contained in paragraph 108.

109.    Defendant admits the allegations contained in paragraph 109.

110.    Defendant states that the Notice of Eleventh Amendment speaks for itself.

16

111.    Defendant states that the Notice of Eleventh Amendment speaks for itself.

112.    Defendant denies the allegations in paragraph 112.

113.    Defendant denies the allegations in paragraph 113.

114.    Defendant admits that Plaintiff filed formal EEO complaints in June 2011; on July 23, 2012; and on August 30, 2013, and further states that those documents speak for themselves. Defendant denies the remaining allegations in paragraph 114.

115.     The allegations contained in paragraph 115 are legal conclusions to which no response is required.

116.    The allegations contained in paragraph 116 are legal conclusions to which no response is required.

117.    Defendant denies the allegations in paragraph 117.  Defendant admits that Plaintiff filed an EEO Complaint regarding her non-selection as Caregiver Support Coordinator, Agency Case No. 200H-0514-2011-102788.  Claims related to Agency Case No.  200H-0514-2011-102788 were dismissed pursuant to the Court's October 2, 2015 Order (ECF No. 28).

118.    Defendant denies the allegations in paragraph 118.

119.    Defendant denies the allegations in paragraph 119.

120.    The allegations contained in paragraph 120 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## **DEMAND FOR RELIEF**

Defendant denies that Plaintiff is entitled to any relief whatsoever, and denies each and every allegation herein that has not been specifically admitted, denied or qualified.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust administrative remedies with respect to some or all of Plaintiff's claims.

### SECOND AFFIRMATIVE DEFENSE

Defendant's actions were in compliance with applicable laws and regulations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for relief which can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Any employment actions by the VA concerning Plaintiff were taken for legitimate, non-discriminatory reasons.

### FIFTH AFFIRMATIVE DEFENSE

The VA has articulated legitimate, nondiscriminatory reasons for its actions, and Plaintiff cannot show that such reasons are pretextual.

### SIXTH AFFIRMATIVE DEFENSE

If Plaintiff proves that an unlawful factor was a consideration in any employment action (which is denied), the Defendant would have made the same decision even in the absence of discrimination or retaliation.

### SEVENTH AFFIRMATIVE DEFENSE

Even if protected characteristic or activity was a reason for Defendant's conduct or cited as a reason for Defendant's conduct, it was not the sole or overriding reason for, or the "but for" cause of, Defendant's actions.

Respectfully submitted,

STEVEN M. DETTELBACH
UNITED STATES ATTORNEY
NORTHERN DISTRICT OF OHIO


By:     s/Erin E. Brizius
        ERIN E. BRIZIUS (#0091364)
        LISA HAMMOND JOHNSON (#0061681)
        Assistant United States Attorneys
        400 United States Court House
        801 West Superior Avenue
        Cleveland, Ohio  44113-1852
        (216) 622-3670 – Brizius
        (216) 622-3679 - Johnson
        (216) 522-4982 - Facsimile
        Erin.E.Brizius2@usdoj.gov
        Lisa.Hammond.Johnson@usdoj.gov




CERTIFICATE OF SERVICE

        I hereby certify that on this 16th day of October, 2015, a copy of the foregoing *Answer*

was filed electronically.  Notice of this filing will be sent to all parties by operation of the

Court's electronic filing system.  Parties may access this filing through the Court's system.



                            s/Erin E. Brizius
                            ERIN E. BRIZIUS
                            Assistant United States Attorney