UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PAULA M. LELIGDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT A. MCDONALD, | ) | |
| SECRETARY, | ) | Case No. 1:14-cv-02810 |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF VETERANS' AFFAIRS | ) | |
| Louis Stokes Cleveland VA Medical Center | ) | JUDGE DONALD C. NUGENT |
| 10701 East Boulevard, | ) | |
| Cleveland, Ohio 44106 | ) | |
| | ) | |
| Defendant. | ) | |

DECLARATION OF JOSEPH AQUILINA
PURSUANT TO 28 U.S.C. § 1746

I, Joseph Aquilina, make the following declaration in lieu of an affidavit, as permitted by 28 U.S.C. § 1746:

1. I, Joseph Aquilina, am the Chief, Social Work Service at the Wade Park facility of the Veteran's Administration Medical Center (VAMC) in Cleveland, Ohio.   I have served in this role since November 1990.   I have been employed at the VA since June 11, 1972.

2. As Chief of Social Work, I am responsible for clinical and administrative oversight of the Social Work Service at the VAMC.  In addition, I am responsible for professional oversight of all Medical Center social workers.

3. I report to Dr. Murray Altose, the Chief of Staff at the Cleveland VAMC.  Dr. Altose reports to Susan Fuehrer, Director of the Cleveland VAMC.  The VAMC employs approximately 5,500 employees who provide patient care to more than 100,000 veterans at 18 locations throughout northeast Ohio.

4. I have been Paula Leligdon's Service Chief since she began her employment at the VAMC in 2004.  Currently, I am her second-line supervisor and have been since she became a supervisor in 2009.  From 2012 until 2016, Leligdon's direct supervisor was Felix Christopher Esmurdoc, who held the position of Assistant Chief of Social Work.


GOVERNMENT
EXHIBIT
A

5. Ms. Leligdon became a first-level supervisor in the Social Work Service at the VAMC in 2009.  As a supervisory social worker, Ms. Leligdon is one of 24 social work supervisors within the VAMC.   She is responsible for overseeing 11 social workers and one program assistant.  Ms. Leligdon, like all other first-line supervisors, is also responsible for maintaining clinical direct patient care hours.   Ms. Leligdon currently provides direct patient care for 4 hours per week in the Outpatient Mental Health Department.

6. In May and June 2013, several of Ms. Leligdon's subordinates and co-workers contacted me and Mr. Esmurdoc with complaints about Ms. Leligdon's behavior.  They informed me and Mr. Esmurdoc that she was hostile, rude and demeaning in her interactions with them.  I asked each employee who contacted me to put their concerns in writing by submitting a Report of Contact ("ROC").   One of the employees asked me to write a report of contact on his behalf, which I did.  A Report of Contact is a form used to document incidents that occur involving staff and/or patients that are separate from items that should be included in a patient's medical record.

7. I provided the ROCs to Ms. Leligdon for response.  She submitted responses to me.

8. Employees may be granted "official time" to work on EEO complaints.  Official time is paid time during work hours.   From January 2012 through January 2015, Ms. Leligdon was granted 72 hours of official time to prepare her EEO complaints.

9. I am aware that Mr. Esmurdoc attempted to correct Ms. Leligdon's behavior through letters of counseling, without resort to formal discipline.  I also am aware that Dr. Altose sent Ms. Leligdon a letter of expectations on January 2, 2014, which also was not a formal disciplinary action.  Ms. Leligdon did not materially change her behavior in response to these actions.

10. On April 1, 2014, I wrote a Report of Contact regarding Ms. Leligdon's failure to follow the instructions issued in Dr. Altose's letter of expectations.  Despite Dr. Altose's instructions, Ms. Leligdon continued to send restricted emails and to copy her attorney on emails.  Sending restricted emails impairs the ability of managers to respond to the concerns raised because they cannot forward the emails to appropriate people for review and because they cannot print them for later reference.  A copy of this Report of Contact is attached as Exhibit A1.

11. On June 3, 2014, I reprimanded Ms. Leligdon for discussion of non-performance related matters during a performance feedback session of a bargaining unit employee.   A true and accurate copy of the Reprimand is attached hereto as Exhibit A2.

12. On May 12, 2014, I served Ms. Leligdon with a Notice of Proposed Suspension.   The Notice proposed a three-day unpaid suspension for Conduct Unbecoming a Supervisor, Failure to Follow Instructions, and Inappropriate Use of Email.   A true and accurate copy of the Notice of Proposed Suspension, the email correspondence upon which it is based, and the Decision Letter are attached hereto as Exhibit A3.

13. I upheld the proposed three-day suspension on June 4, 2014, and Ms. Leligdon served the suspension on Monday June 23, 2014, through Wednesday, June 25, 2014.

14. On May 22, 2014, I reprimanded Ms. Leligdon for Failure to Follow Instructions, Inappropriate Use of Email, and Conduct Unbecoming a Supervisor. A true and accurate copy of the Reprimand and the email correspondence upon which it is based is attached hereto as Exhibit A4.

15. On July 3, 2014, I sent a Letter of Counseling to Ms. Leligdon regarding her inappropriate contact with Lisa Clark, VA Regional Counsel.  A true and accurate copy of the Letter of Counseling is attached hereto as Exhibit A5.

16. On July 31, 2014, I issued Ms. Leligdon a second Notice of Proposed Suspension.  The Notice proposed a three-day suspension for Conduct Unbecoming a Federal Employee and Failure to Follow Instructions.  Ms. Leligdon served the three day suspension on September 5, 8, and 9, 2014.  The Notice of Proposed Suspension, the email correspondence upon which it is based, and the Decision Letter are attached as Exhibit A6.

17. Participation in the Mental Health Area Ethics Team does not affect an employee's pay or job status at the VA.

18. Participation in the Professional Standards Review Board or the VISN 10 Professional Standards Review Board does not affect an employee's pay or job status at the VA.

19. Between January 2012 and January 2015, Ms. Leligdon received 106 hours of Authorized Absence ("AA") to attend conferences and receive training.


I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 22nd day of June, 2016.


_____

Joseph Aquilina

| VA · Department of Veterans Affairs | REPORT OF CONTACT |
|---|---|

NOTE: *As appropriate, once this form is completed it becomes a permanent record in the veteran's folder. Please do not use a pencil to complete this form.*

| VA OFFICE | IDENTIFICATION NOS. (C,XC, SS, XSS, V, K, etc.) |
|---|---|
| Louis Stokes Cleveland VA Medical Center | |

| LAST NAME-FIRST NAME-MIDDLE NAME OF VETERAN *(Type or print)* | DATE OF CONTACT |
|---|---|
| | 04/01/2014 |

| ADDRESS OF VETERAN | TELEPHONE NO. OF VETERAN *(Include Area Code)* |
|---|---|

| PERSON CONTACTED | TYPE OF CONTACT *(check one)* |
|---|---|
| Paula Leligdon, Supervisory Social Worker | ☒ PERSONAL   ☐ TELEPHONE |

| ADDRESS OF PERSON CONTACTED | TELEPHONE NO. OF PERSON CONTACTED *(Include Area Code)* |
|---|---|

| PERSON WHO CONTACTED YOU | TYPE OF CONTACT *(check one)* |
|---|---|
| | ☐ PERSONAL   ☐ TELEPHONE |

| ADDRESS OF PERSON WHO CONTACTED YOU | TELEPHONE NO. OF PERSON WHO CONTACTED YOU *(Include area code)* |
|---|---|

BRIEF STATEMENT OF INFORMATION REQUESTED AND GIVEN *(Continue on page 2 if needed)*

At approximately 8:45 am, Chris Esmurdoc, Assistant Chief, SWS and I went to the office of Paula Leligdon. The door was slightly opened and we knocked and asked to come in to see her. She gestured to enter the room. Mr. Esmurdoc presented Ms. Leligdon with a Report of Contact he had prepared regarding her recent electronic mail message. Ms. Leligdon sent the message with several layers of restriction, and copied her personal attorney. This was in violation of the Letter of Expectations, she received from the Chief of Staff on 1/2/2014. The Report of Contact also addressed the difficulty that Ms. Leligdon presented when asked by Mr. Esmurdoc to meet with he and I (also in contradiction to the Letter of Expectations). Ms. Leligdon refused to sign for receipt of the copy that was given to her. I asked her to respond to the Report of Contact within three business days. She said she would be providing the copy to her attorney. I asked Ms. Leligdon if she wanted to discuss the current Report of Contact and she declined. We asked her to refrain from sending e-mail messages to us with a level of restriction which prevented us from printing, copying, or forwarding the messages as such action impacted our ability to address her concerns. She said that we should send her a request because she was only dealing with our objections to the restricted messages one at a time, and did not know that our request pertained to all e-mail messages. We left her office approximately four minutes after we entered. This brief meeting involved no other spoken or unspoken actions or gestures. END OF REPORT.

| DIVISION OR SECTION | EXECUTED BY *(Signature and title)* |
|---|---|
| Social Work Service | joseph.aquilina@va.gov  Digitally signed by joseph.aquilina@va.gov DN: cn=joseph.aquilina@va.gov Date: 2014.04.01 09:33:09 -04'00' |

GOVERNMENT
EXHIBIT
A-1

00223 Supplemental

Tab *C-9* Page *204*  LELIGDON-001079



**DEPARTMENT OF VETERANS AFFAIRS**
LOUIS STOKES CLEVELAND
DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER
10701 EAST BOULEVARD
CLEVELAND, OH 44106

**In Reply Refer To:** 541/053

June 3, 2014

Ms. Paula Leligdon
Social Work Service,
Louis Stokes Cleveland DVA Medical Center
10701 East Boulevard
Cleveland, OH  44106

Subject:  Reprimand

You are employed as Supervisory Social Worker, GS-0185-12, Step 5, in Social Work Service at the Louis Stokes Cleveland Medical Center.

1.  This is to notify you that you are hereby reprimanded based on the following reason:

   I. Discussion of an AIB Investigation during a Performance Feedback session.

      a.  On Monday, April 14, 2014, you summoned John J. McKinney, a bargaining unit employee, your subordinate, to your office, in order to discuss his performance mid-term appraisal a.k.a. performance feedback session. According to Mr. McKinney, you:

         • Discussed his participation in a recent Administrative Investigatory Board (AIB) where he was a witness.
         • You brought up words he used in his testimony during the abovementioned AIB and argued the merits and/or validity of his participation.
         • Rather than discussing his performance you proceeded to make distinctions between you and Dr. Linda Bond, who is part of Psychiatry Service where he is assigned as a Social Worker, GS-0185-11.

Mr. McKinney believed it to be threatening and feared retaliation.  According to Mr. McKinney, the aforementioned was followed by a forceful affirmation where you repeated three or four times, "I am your supervisor". He thinks this was an attempt to coerce or intimidate him because of his participation as a witness during the recent AIB investigation.  Even if this was not your intent, you should have realized how this would have been perceived by a subordinate.   Your behavior outweighs other factors I considered in the written response you furnished me.  A performance feedback session is an opportunity to interact with your subordinates and support or address performance. This is why a union representative is not needed during such meeting and why we need



GOVERNMENT
EXHIBIT
A-2

LELIGDON-002297

Page 2
Reprimand
Paula Leligdon

to limit our interaction to performance topics which is the purpose of the meeting, especially when he is your subordinate and the performance related nature of the meeting causes a "chill effect".

Mr. McKinney infers you had access to the AIB files because the words used during said "performance meeting" correspond to words he used in his testimony.  I find this irrelevant since having prior knowledge is not the issue and whether you had access or not to AIB files is not being considered here.  Discussing AIB during a performance feedback session is what I cannot ignore. You called a bargaining unit employee to discuss his performance but used the opportunity to bring up what you knew was controversial and non-performance related matters.

As part of management, you are held to a higher standard of responsibility.  Your actions as described above are in direct contradiction to the type of behavior that is expected of you and will not be accepted.

2.  A copy of this reprimand will be placed in your official personnel folder.  You may, if you wish, make a written reply in explanation of your conduct.  If you do, it will also be placed in your official personnel folder.  This reprimand may remain in your folder for three (3) years or it may be withdrawn and destroyed after six (6) months, depending entirely on your future behavior and attitude.

3.  If you believe this reprimand is unjustified, you may grieve this action under the agency grievance procedure within fifteen (15) calendar days after your receipt of it.  You also have the right to be represented by an attorney or other representative of your choice. Any representative must be designated in writing.

4.  If a personal, medical or other situation is affecting your conduct on the job, this medical center has an Employee Assistance Program (EAP) that offers short-term counseling and referral. You may contact James DeLamatre, Psychology. D, Program Director of the Employee Assistance Program (EAP), at extension (216) 791-3800, extension 6924. He will be glad to meet with you on a confidential basis.

5.  If you have any questions regarding this reprimand, you may contact Mr. Antonio Suárez, Employee & Labor Relations Chief at extension (821) 2160 for further information.

Joseph Aquilina
Chief, Social Work Service

I certify receipt of the original and one copy of this document.

_____          _____
Ms. Paula Leligdon                                              Date

Employee refused to sign.
who given two copies of this document @ 3:30 pm
June 6, 2014.          Joseph Aquilina

LELIGDON-002298

Department of Veterans Affairs

## REPORT OF CONTACT
*(NOTE:  This form must be filled out in ink or on typewriter as it becomes a permanent record in veterans' folders.)*

| VA OFFICE | IDENTIFICATION NOS. (C,XC,SS,XSS, V,K, etc.) |
|---|---|
| VA Maryland Health Care System (VAMHCS) Perry Point, MD 21902 | 541 |

**LAST NAME-FIRST NAME-MIDDLE NAME OF VETERAN** *(Type or print)*
LELIGDON, PAULA, LISW-S,  LSCVAMC EMPLOYEE

**DATE OF CONTACT**
4/14/14

**ADDRESS OF VETERAN**

**TELEPHONE NO. OF VETERAN**
(    )    -    , Ext.

**PERSON CONTACTED**
John J. Mc Kinney

**TYPE OF CONTACT   (Check)**
☐ PERSONAL  ☒ TELEPHONE

**ADDRESS OF PERSON CONTACTED**
10701 EAST BLVD
CLEVELAND OH 44106

**TELEPHONE NO. OF PERSON CONTACTED**
(216) 791-3800, Ext. 1623

**BRIEF STATEMENT OF INFORMATION REQUESTED AND GIVEN**

On Monday, April 14, 2014, I was summoned by Paula Leligdon to meet with her that same day. She stated the meeting would be for the purpose of my signing my midterm performance review. I complied. When I sat down for the meeting, Ms. Leligdon spoke for over three uninterrupted minutes about a statement I made to the outside investigators where I described myself feeling like a "ping-pong ball" between Ms. Leligdon and Dr. Linda Bond, the two persons I need to report to (Ms. Leligdon, on behalf of Social Work Service, of which I am a member; and Dr. Bond, on behalf of Psychiatry Service, to which I am assigned). I had told the investigators that I felt that Ms. Leligdon was using me as a tool to annoy Dr. Bond. Ms. Leligdon forcefully stated three or four times "I am your supervisor" in a tone I believe was threatening, making clear that she had power over me, and that I needed to heed what she said. She also forcefully made very clear that I should be listening to no one else, by which she had to be referring to Dr. Bond, as Dr. Bond is the only other person other than Ms. Leligdon I am required to listen to by my job duties. She then demanded, "Do you understand?" in elongated phrases. When I didn't respond immediately, she repeated, more (to my mind) threateningly, "Do you understand?" I replied, "I understand what you're saying." This was my only response; then Ms. Leligdon turned to the midterm review and stated I was performing my job in a fully satisfactory manner. Within a moment or two, I had signed the document and left.

The statement Ms. Leligdon made to me was totally outside the purpose of the meeting. Given that I just gave testimony to the investigators about Ms. Leligdon, I believe the above message from Ms. Leligdon was intended to be threatening.  I felt that she was retaliating against me for giving evidence about her to the investigators. I also believed that she was once again bullying and harassing me, as she has done for my entire tenure as my supervisor.

As I have stated before, I do not understand why Ms. Leligdon is permitted to remain my supervisor while continuing this harassment.

| DIVISION OR SECTION | EXECUTED BY (Signature and Title) |
|---|---|
| Social Work Service | JOHN J. MC KINNEY, LISW-S CLINICAL SOCIAL WORKER |

Automated VA Form 119

LELIGDON-002299





Defining
**EXCELLENCE**
in the 21st Century

DEPARTMENT OF VETERANS AFFAIRS
LOUIS STOKES CLEVELAND
DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER
10701 EAST BOULEVARD
CLEVELAND, OH 44106

In Reply Refer To: 541/053

May 9, 2014

Ms. Paula Leligdon
Social Work Service,
Louis Stokes Cleveland DVA Medical Center
10701 East Boulevard
Cleveland, OH 44106

Subject: Proposed Suspension

You are employed as a Supervisory Social Worker, GS-0185-12, Step 5, in Social Work Service at the Louis Stokes Cleveland Medical Center.

1.      This is to notify you that it is proposed to suspend you for a period of three (3) calendar days based on the following reasons:

    I.      Conduct Unbecoming of a Supervisor

        a.      On April 23, 2014, you sent an email to your entire Cleveland VA Medical Center Chain of Command. These are; Mr. Felix Esmurdoc Assistant Chief, Social Work Service, Mr. Joseph Aquilina, Chief, Social Work Service, Dr. Murray Altose, Chief of Staff, and our Medical Center Director, Ms. Susan M. Fuehrer. Your email is sarcastic and disrespectful in its entirety. You detail six (6) items that are composed of (not allegations) accusations tailored to infer illegal practices, poor judgment, unlawful and biased decisions, management ineptitude, micromanagement and burdensome control, disregard for employee's well-being and performance, and carelessness regarding subordinates' feelings and warranted explanations to justify managerial actions. Furthermore, in item six (6.) you specifically proclaim your entire chain of command to be illogical and irrational as managers. The sentence reads as follow: "6. Logic and rational reasoning are not necessary when managing." This disrespectful statement is followed by your allegation that these detrimental assets are consistently provided to you and part of a constant managerial behavior. In your words, that is indeed "the role-modeling and training you have received" from the addressees of the email.

        b.      On April 4, 2014, Mr. Esmurdoc, at 3:24pm, denied a training request you sent him by email that same morning. He copied you and Mr. Aquilina, as addressees in said email. You then responded at 4:19pm, including Ms. Fuehrer, Dr. Altose, and Mr. Aquilina, who was the only appropriate recipient during this first interaction between you and Mr. Esmurdoc. Your email was rude and too quick to judge and appraise your supervisor's intentions. You obviously tailored the email to bring shame to Mr. Esmurdoc completely dependent on your opinion and not based on any protected activity you needed to disclose or elevate to the entire VHA chain of command in Northeast Ohio.

        Again, in the same email thread, you emailed requesting training from Mr. Esmurdoc on April 7, 2014. He denies it again on April 9, 2014, and repeats his decision based on the need for you to be on duty for clinical coverage and to meet medical center responsibilities. That same day, at 11:02am, you emailed Dr. Altose and Ms. Fuehrer alleging the denial was wrong and that Mr. Esmurdoc reason was not rational, you then emailed Dr. Altose and Ms. Fuehrer on April 11, 2014, and proceeded to accuse Mr.

GOVERNMENT
EXHIBIT
A-3

Tab *C-12*  LELIGDON-001090

00234 Supplemental

Page 2
Proposed Suspension
Paula Leligdon

Esmurdoc of giving excuses that were not valid.  Furthermore, you demanded the Chief of Staff to respond to your email.  You started and finished your email to Dr. Altose clearly upset for not getting his response immediately.  Any reasonable person can infer that your emails are a result of anger, prompt and irrational, quick to judge and accuse, and they have no place in a professional environment, especially considering the audience that you bring into these berating to your senior management. Your behavior is absolutely disrespectful and shocks the conscience and any basic good manners and business standards.

      c.     On March 12, 2014, Ms. Andrea Freeman, Equal Employment Manager, Officer of the Director, responded to an email you sent her and she limits her response to the list of addressees you had in the original email earlier that day. You obviously did not like her response since you emailed her back around two (2) and a half hours (1/2) later, but this time including, again: Ms. Fuehrer, Dr. Altose, and Mr. Charles, Franks, Chief, Human Resources Management Services.  Your email started "Thank you for your feedback.  I'm sorry that you feel the need to be so rude, defense [sic] and accusatory..."  You finish the email as follows, "...the inappropriate actions and behavior of the individuals involved at this Medical Center [sic] who have been repeatedly unprofessional toward me..."

      d.     On April 9, 2014, you sent an email to your subordinates, and included the Ms. Fuehrer and Dr. Altose. This email was an obvious provocation, filled with sarcasm, asking them to review the VA EEO, Diversity, Inclusion and No Fear policies.  You promptly followed your first email sentence with the following: "I have learned a great deal about civil rights and liberty's [sic] the past several years..." This sarcasm is extremely inappropriate, especially when the highest chain of command in our Medical Center is included. Worse, you included all of your subordinates in this insistent display of unprofessionalism. You are well aware that our policies are in our website and we have an EEO office that can assist you if need be.

      II.     Failure to Follow Instructions.

     You continue to send emails with restrictions despite your supervisor asked you not to do so. Your emails are litigious in nature and invite controversies.  Your imposition of limitations on the recipients who cannot print, read, forward to seek counsel, or even keep a copy for their records and past recollection, and your insistence on sending a myriad of emails and high traffic them daily is absolutely wrong.  This creates hostility and impedes an office environment where duties can be prioritized and appropriately attended.   Ms. Lisa Myles, ELR Specialist, and Ms. Freeman, EEO Manager, have requested you to stop sending these restricted emails as well.

      III.    Inappropriate Use of Email.

      a.     You emailed requesting training for Mr. Esmurdoc on April 7, 2014.  He denies it again on April 9, 2014, and repeats his decision based on the need for you to be on duty for clinical coverage and to meet Medical Center responsibilities.  That was his assessment and his right to decide what he considers staffing needs coverage. That same day, at 11:02am, you email Dr. Altose and Ms. Fuehrer alleging the denial was wrong and that Mr. Esmurdoc reason was not rational. Again, you emailed Dr. Altose and Ms. Fuehrer on April 11, 2014, only one (1) and a half (1/2) days later, and proceeded to accuse Mr. Esmurdoc of giving excuses that were not valid.  And, demanding the chief of Staff to respond to your email. You started and finished your email to Dr. Altose clearly upset for not getting his response immediately.  Any reasonable person can infer that your emails are a result of anger, prompt and irrational, quick to judge and accuse, and they have no place in a professional environment. Your behavior is absolutely disrespectful and shocks the conscience and any basic good manners and business standards.

      b.     On April 9, 2014, you sent an email to your subordinates, and included the Director and the Chief of Staff. This email was an obvious provocation, filled with sarcasm, asking them to review the VA EEO, Diversity, Inclusion and No Fear policies.  You promptly followed your first email sentence with

Tab  C-12  LELIGDON-001091

00235 Supplemental

Page 3
Proposed Suspension
Paula Leligdon

the following: "I have learned a great deal about civil rights and liberty's [sic] the past several years..."
This sarcasm is extremely inappropriate, especially when the highest chain of command in our medical
center is included. Worse, you included all of your subordinates in this display of unprofessionalism. You
are well aware that our policies are in our website and we have an EEO office that can assist you if need
be.

2.        As part of management, you are held to a higher standard of responsibility.  Your actions as
described above are in direct contradiction to the type of behavior that is expected of you, and will not be
tolerated. Your actions are disturbing, unwarranted and abusive.  You are prompt to "bully" and
exaggerate responses to minor day to day disagreements.  You obviously cannot discern levels of
importance and attention to daily business matters and feel that the entire chain of command and senior
management needs to drop everything to come and "rescue you" from a self-serving and exaggerated
issue or problem.

Additionally, you are expected to abide by Medical Center Policy 005-024, Employee Responsibility and
Conduct:

*"Employees are expected to observe the highest possible standards of honesty, integrity, impartiality,
compassion, courtesy, and ethical behavior towards patients, visitors, and coworkers."*

*"As an employee of the Cleveland VA Medical Center you are expected to:*

- *Exhibit courteous, respectful and compassionate behavior toward patients and those, with whom
  you interact, both co-workers and visitors, as a requirement of your position, not as an option.*

- *Treat your supervisor(s) with respect, following their directions and guidance in a cooperative,
  responsive manner and completing assignments on a timely basis.  Supervisors are expected to
  afford their employees the same degree of respect, provide them a role in decision making and
  be responsible to their issues of concern."*

The aforementioned is in violation of VA Directive 6001, July 28, 2000, Limited Personal Use of
Government Office Equipment Including Information Technology, 2 (c) (4) which reads in part:

*"c. Employees are expected to conduct themselves professionally in the workplace and are
required under the Standards of Conduct to refrain from using Government office equipment for activities
that are inappropriate. Misuse or inappropriate personal use of Government office equipment includes: (4)
Use for activities that are illegal, inappropriate, or offensive to fellow employees or the Public..."*

3.        You have the right to reply to this notice orally, or in writing, and to submit affidavits and other
documentary evidence in support of your reply, showing why the charges are unfounded, in addition to
any other reasons as to why you should not be suspended.

4.        You will be given until the close of business on the fourteenth (14th) calendar day following your
receipt of this notice to reply to these reasons orally or in writing, or both orally and in writing, and to
submit affidavits or other documentary evidence. Your written reply should be submitted to me, or a
designee of my choosing. As the deciding official, I will receive your oral reply or will designate an official
to receive it.  If you wish to make an oral reply, you may schedule an appointment by calling Antonio
Suárez, Chief of Employee and Labor Relations, Human Resources Management Service, at (216) 791-
2300, extension 2160.

5.        The final decision to effect the proposed action has not been made. I will make the final decision,
and will give full and impartial consideration to your reply, if a reply is submitted.  You will be informed in

Tab C-12  LELIGDON-001092

00236 Supplemental

Page 4
Proposed Suspension
Paula Leligdon

writing of the final decision as soon as possible after your reply has had full consideration.  If you do not reply, the decision will be rendered after the close of business fourteen (14) calendar days following your receipt of this notice.

6.    At any point during this process you may be represented by an attorney or other representative of your choice. However, any representative must be designated in writing.

7.    If a personal, medical or other situation is affecting your conduct on the job, this medical center has an Employee Assistance Program (EAP) that offers short-term counseling and referral. You may contact James DeLamatre, Psychology. D, Program Director of the Employee Assistance Program (EAP), at extension (216) 791-3800, extension 6924. He will be glad to meet with you on a confidential basis.

8.    If you do not understand the above reason as to why your suspension is proposed, contact me, or Antonio Suárez, Chief of Employee and Labor Relations, Human Resources Management Service, at (216) 791-2300, extension 2160.


Joseph Aquilina
Chief, Social Work Service


I certify receipt of the original and one copy of this document.


_____          _____
Ms. Paula Leligdon                                          Date

*Employee refused to sign receipt. she was provided two copies of this letter.*
*Joseph T. Aquilina*
*Chief, SWS   5-12-2014*


541/RH/05-06-14____053 _A_ 053 ____122 JA

Tab C-12  LELIGDON-001093
00237 Supplemental




**Louis Stokes**
**Cleveland Department of**
**Veterans Affairs Medical Center**
**10701 East Boulevard**
**Cleveland, OH  44106**

June 4, 2014                                    **In Reply Refer To:** 541/053

Ms. Paula Leligdon
Social Work Service
Louis Stokes Cleveland DVA Medical Center
10701 East Boulevard
Cleveland, Ohio 44106

Subject:  Decision – Suspension

1.      In connection with the notice of proposed suspension presented to you on May 12, 2014, a decision has been made to suspend you from duty for a total of three (3) calendar days to be served Monday, June 23rd, 2014, through Wednesday, June 25th, 2014.

Your suspension is based on the following reasons:

        The reasons as stated in paragraph one (1), charges I, II and III, of the letter of proposed suspension are sustained.

2.      In reaching this decision, I considered all the evidence developed in this case and the fact that you made a written reply.  I perused and considered everything you brought to my attention in your written reply. During your reply, you neither expressed remorse over the incidents nor apologized for your behavior. You also mention your years of service to this medical center.  Although I appreciate your years of service to this medical center and recognize that your actions were perhaps not with malice, your conduct is inexcusable. Consequently, I have concluded that mitigation of the proposed penalty is not warranted, the charges against you are justified, and the proposed penalty against you is appropriate and within the range of reasonableness.

3.      This letter may be used in determining an appropriate penalty if further infractions occur.

4.      You may appeal this action under the VA administrative grievance procedure.  Your grievance must be submitted in accordance with the provisions of VA administrative grievance procedure within fifteen (15) calendar days after you receive this suspension decision.

5.      For a more detailed explanation of your appeal rights, please contact Mr. Antonio Suarez, Employee/Labor Relations Specialist, at extension (216) 791-2300 ext. 2160.

Joseph T. Aquilina
Chief, Social Work Service

I certify receipt of the original and one copy of this document.

Ms. Paula Leligdon _____        Date _____

*Employee refused to sign. Was given two copies of this document at 3:30 pm, June 6, 2014.*        Joseph T. Aquilina

_____ 053                                        Tab C-12  LELIGDON-001115

00259 Supplemental

**Eraka Michelle Robertson**

| | |
|---|---|
| **From:** | Esmurdoc, Felix C. (VHACLE) [Felix.Esmurdoc@va.gov] |
| **Sent:** | Tuesday, June 17, 2014 8:46 AM |
| **To:** | eraka@susangrimes.com |
| **Subject:** | FW: Training/Education |

F. Christopher Esmurdoc, LISW-S
Assistant Chief of Social Work
Louis Stokes Cleveland VAMC
(216)791-2300 ext. 2341
(216)338-8877 (mobile)
felix.esmurdoc@va.gov



Connect With Us!
www.cleveland.va.gov

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Wednesday, April 23, 2014 2:11 PM
**To:** Aquilina, Joseph T. (VHACLE); Esmurdoc, Felix C. (VHACLE); Altose, Murray D. (VHACLE); Fuehrer, Susan M. (SES) (VHACLE)
**Cc:** Leligdon, Paula M. (VHACLE)
**Subject:** Training/Education

Good Afternoon:

In our direct interactions and my observation of your role-modeling actions and behavior as upper managers I am asking for information and verification of some of your management techniques. As educators I'm sure you want your management staff to have the most up-to-date strategies available in order for them to perform duties in the manner expected by this VA Medical Center. As a Supervisor and manager for the past 5 years I can attest to the valuable lessons I have learned from each one of you, aiding my understanding of the expectations, values and ethical responsibilities of this current leadership. I'm sure the information you provide will further enhance my abilities to be an effective manager to my 12 employees, as I set my own expectations by observation of you as examples.

Please provide all information to include policies/procedure/regulations regarding the following management techniques/options available to me for use as a Supervisor:

1: Management can restrict an employee's use of specific outlook computer functions (controlling both business and personal communication) which are openly available to all VA employees for use, without viable explanation.

2: Management can deny AA for CEU training without cause, logic or a viable reason.

3: Management can restrict and control subordinates training needs without cause, logic or a viable reason.

4: Management can refuse to respond or reply to a Subordinates request, simply ignoring their communication.

1

Tab C-11  LELRGDON-001084
00228 Supplemental



4: Management does not need to give any subordinate a viable/rational explanation for decisions made which directly affect the Subordinate, employees are expected to comply without question or explanation to management's decision.

5: Managers have the ability to use any excuse for decisions made against a Subordinate, even if the excuse has no logical basis.

5: Managers can make any decision or determination regarding a subordinate simply based on the premise "because I said so".

6: Logic and rational reasoning are not necessary when managing.


Again, as a Supervisor I want to thank you for the role-modeling and training you have consistently provided me and I look forward to clarification on the above management techniques.

Thanks,
Paula Leligdon, LISW-S
Supervisor, Psychiatry Social Work

Tab  C-11  LELIGDON-001085
00229 Supplemental

## Leligdon, Paula M. (VHACLE)

| | |
|---|---|
| **From:** | Leligdon, Paula M. (VHACLE) |
| **Sent:** | Friday, April 25, 2014 1:35 PM |
| **To:** | Altose, Murray D. (VHACLE) |
| **Cc:** | Fuehrer, Susan M. (SES) (VHACLE); Leligdon, Paula M. (VHACLE) |
| **Subject:** | AA Training |

Dr. Altose:

To date it is noted that you have not responded with a reason for denying my request of AA for professional training, stating only that you   support Esmurdoc (Supervisors)  decision of denial, based on his irrational reasoning, of which I contest (below).

Thank you,
Paula Leligdon, LISW-S
Supervisor, Psychiatry Social Work

---

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Friday, April 11, 2014 12:20 PM
**To:** Altose, Murray D. (VHACLE)
**Cc:** Leligdon, Paula M. (VHACLE); Fuehrer, Susan M. (SES) (VHACLE)
**Subject:** RE: AA Training

Dr. Altose:

Thanks for your reply, please provide me with the rational for your support of Esmurdoc refusal which he basis on invalid reasons. As I'm sure we will agree,  the topic of "Emotional  Manipulation" is quite prevalent and it is unfortunate that I was kept from increasing  my knowledge about such an important  topic as a Federal Government employee, denied CEU requirements for my State license and denied training for the VA which would have also aided my staff as well as the Veteran's I serve.

Thanks,
Paula

---

**From:** Altose, Murray D. (VHACLE)
**Sent:** Friday, April 11, 2014 10:45 AM
**To:** Leligdon, Paula M. (VHACLE)
**Subject:** RE: AA Training

Paula,
I have discussed the matter with Mr. Esmurdoc and I support his decision.
Murray D. Altose

---

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Friday, April 11, 2014 9:04 AM
**To:** Altose, Murray D. (VHACLE)
**Cc:** Fuehrer, Susan M. (SES) (VHACLE); Leligdon, Paula M. (VHACLE)
**Subject:** AA Training

Dr. Altose, Chief of Staff:

1

Leligdon Document Production 837

To date you have not replied to my request (below) for you to address Chris Esmurdoc' s (Supervisor and Assistant Chief of Social Work) repeated denial of my educational training requests, CEU training required for my licensure, as well as a VA requirement. To date Esmurdoc has been unable to provide any rational reason to deny me the training and has been unable to validate his excuses

for "... the need for you to be on duty for clinical coverage and to meet medical center responsibilities" which are proven invalid (below). Esmurdoc actions are not only an abuse of power but have also been harmful to me as a licensed clinician. I have the right to be treated fairly and respectfully by this Medical Center, despite any disapproval of my EEO claims or my attempts to stand up for myself and my civil rights.

As a clinician and a VA staff provider at this Medical Center I am requesting a response from the Chief of Staff.

Thank you,
Paula Leligdon, LISW-S
Supervisor, Psychiatry Social Work

---

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Wednesday, April 09, 2014 11:02 AM
**To:** Altose, Murray D. (VHACLE)
**Cc:** Fuehrer, Susan M. (SES) (VHACLE); Leligdon, Paula M. (VHACLE)
**Subject:** AA Training

Dr. Altose:

I would like this addressed by the Chief of Staff. I am wrongly being denied needed training to maintain my state license and Esmurdoc has refused to provide a rational reason for his "repeated" denials of both training requests. This is a blatant misuse of power, impacting my educational needs and jeopardizing my licensure.

I will reiterate my communication from 4/4/14 at 4:19pm: There are no coverage needs on my SW Team for April 11th, I currently have no staff slated to be out and I have not been asked by any Supervisor to provide coverage that day. I have no scheduled meetings to attend that day. I have no Medical Center responsibilities that day which could not be managed appropriately in advance and there is no viable reason that would warrant denial of important SW training, required yearly VA education, required training for my SW license and education to aid in my clinical skills and help with Veteran care and education for my employees as a Supervisor. Please provide clarification regarding your reason "... the need for you to be on duty for clinical coverage and to meet medical center responsibilities", since I am very conscientious and aware of my responsibilities at the Medical Center, which I manage very effectively, and I have received no communication concerning April 11th commitments from management, to date, there is no rational reason to deny me training that would benefit me as a clinician and Supervisor, my staff, the Veterans we service, all benefiting the Medical Center.

I look forward to your reply,
Paula

---

**From:** Esmurdoc, Felix C. (VHACLE)
**Sent:** Wednesday, April 09, 2014 9:55 AM
**To:** Leligdon, Paula M. (VHACLE)
**Cc:** Aquilina, Joseph T. (VHACLE); Esmurdoc, Felix C. (VHACLE)
**Subject:** RE: AA Training

Paula,
I am not approving AA on April 11th to attend this training. My decision is based on the need for you to be on duty for clinical coverage and to meet medical center responsibilities.

2

Leligdon Document Production 838

Thank you.
Chris

*F. Christopher Esmurdoc, LISW-S*
Assistant Chief of Social Work
Louis Stokes Cleveland VAMC
(216)791-2300 ext. 2341
(216)338-8877 (mobile)
felix.esmurdoc@va.gov


Connect With Us!
www.cleveland.va.gov

---

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Wednesday, April 09, 2014 8:20 AM
**To:** Esmurdoc, Felix C. (VHACLE)
**Cc:** Leligdon, Paula M. (VHACLE)
**Subject:** FW: AA Training
**Importance:** High

Chris

To date, as my Supervisor, you have not responded to my requested for the training below, please reply so that any necessary arrangements can be made, if appropriate. As you know continuing education credits are a State and VA requirement, therefore ongoing education is essential, this is a priority for me as a clinician and professional.

Thanks,
Paula

---

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Monday, April 07, 2014 4:30 PM
**To:** Esmurdoc, Felix C. (VHACLE)
**Cc:** Leligdon, Paula M. (VHACLE)
**Subject:** AA Training

Chris:

I am requesting AA on April 11th from 8-4:30 in order to attend SW training on "Emotional Manipulation" sponsored by Cross Country Education. The training will provide me with increased education on ways to help Veterans who have been victims manage and stop the abuse and will also provide me with further knowledge to share with my supervisees. Location: Marriot, Pittsburg, PA.
Coverage will be provided.

Thank you,
Paula Leligdon, LISW-S
Supervisor, Psychiatry Social Work

3

Leligdon Document Production 839

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Friday, April 04, 2014 4:19 PM
**To:** Esmurdoc, Felix C. (VHACLE)
**Cc:** Fuehrer, Susan M. (SES) (VHACLE); Altose, Murray D. (VHACLE); Aquilina, Joseph T. (VHACLE)
**Subject:** AA Training

Chris:

I have never been denied any training request ever and I certainly would not ask for Leave if it was more important for me to be here at the Medical Center than to be off station to receive continued education. I have never been denied training which you know is needed in order for me to retain my SW license. There are no coverage needs on my SW Team for April 9th, I currently have no staff slated to be out and I have not been asked by any Supervisor to provide coverage that day. I have no scheduled meetings to attend that day. I have no Medical Center responsibilities that day which could not be managed appropriately in advance and there is no viable reason that would warrant denial of important SW training, required yearly VA education, required training for my SW license and education to aid in my clinical skills and help with Veteran care and education for my employees as a Supervisor. Please provide clarification regarding your reason "... the need for you to be on duty for clinical coverage and to meet medical center responsibilities", since I am very conscientious and aware of my responsibilities at the Medical Center, which I manage very effectively, and I have received no communication concerning April 9th commitments from management, to date, there is no rational reason to deny me training that would benefit me as a clinician and Supervisor, my staff, the Veterans we service, all benefiting the Medical Center.

Thank you and I look forward to your reply.


Paula Leligdon, LISW-S
Supervisor, Psychiatry Social Work



**From:** Esmurdoc, Felix C. (VHACLE)
**Sent:** Friday, April 04, 2014 3:24 PM
**To:** Leligdon, Paula M. (VHACLE)
**Cc:** Esmurdoc, Felix C. (VHACLE); Aquilina, Joseph T. (VHACLE)
**Subject:** RE: AA Training

Paula,
I will not approve AA on April 9th to attend this training. My decision is based on the need for you to be on duty for clinical coverage and to meet medical center responsibilities.
Thank you.
Chris

*F. Christopher Esmurdoc, LISW-S*
Assistant Chief of Social Work
Louis Stokes Cleveland VAMC
(216)791-2300 ext. 2341
(216)338-8877 (mobile)
felix.esmurdoc@va.gov


Connect With Us!
www.cleveland.va.gov

4

Leligdon Document Production 840

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Friday, April 04, 2014 9:03 AM
**To:** Esmurdoc, Felix C. (VHACLE)
**Cc:** Leligdon, Paula M. (VHACLE)
**Subject:** AA Training

I am requesting AA on April 9th from 8-4:30 in order to attend SW training on "Emotional Manipulation" sponsored by Cross Country Education. The training will provide me with increased education on ways to help Veterans who have been victims manage and stop the abuse and will also provide me with further knowledge to share with my supervisees. Location: Holiday Inn Canton.
Coverage will be provided.

Thank you,
Paula Leligdon, LISW-S
Supervisor, Psychiatry Social work

5

Leligdon Document Production 841

16 - 3

## Leligdon, Paula M. (VHACLE)

| | |
|---|---|
| **From:** | Leligdon, Paula M. (VHACLE) |
| **Sent:** | Thursday, March 13, 2014 10:03 AM |
| **To:** | Freeman, Andrea M. (VHACLE) |
| **Cc:** | Bartko, Lisa (ORM); Myles, Lisa J. (VHACLE); Aquilina, Joseph T. (VHACLE); Esmurdoc, Felix C. (VHACLE); Hall, Sonya (ORM); Fuehrer, Susan M. (SES) (VHACLE); Altose, Murray D. (VHACLE); Leligdon, Paula M. (VHACLE); Franks, Charles  (VHACLE) |
| **Subject:** | RE: Mediation |

Andrea:

Thank you for the feedback. I'm sorry you feel the need to be so rude, defense and accusatory when I am simply trying to acquire information regarding a mediation I was involved in with McKinney. Your consistent  responses toward me are truly  unacceptable. This is my first experience in Mediation with one of my employees, when we left the meeting we had come to an agreement. The last I heard was that McKinney was reviewing the document. Despite your attempt to turn this on me, I was not responsible for the Mediation process and there is no documentation stating the Mediation was dissolved after a draft agreement had been prepared, reviewed with expectation of signature.  I was never informed that the Mediation was dissolved by Sonya or any employee from HR or ORM, I would have no reason to deny such a thing and I stand by this firmly and truthfully without question as a member of our Ethics committee.  I am saddened by these chain of events from EEO/HR and  the inappropriate actions and behavior of the individuals involved at this Medical Center who have been repeatedly unprofessional toward me and my attempts to do the right thing.

Thank you,
Paula Leligdon, LISW-S
Supervisor, Psychiatry Social Work

**From:** Freeman, Andrea M. (VHACLE)
**Sent:** Wednesday, March 12, 2014 7:28 PM
**To:** Leligdon, Paula M. (VHACLE)
**Cc:** Bartko, Lisa (ORM); Myles, Lisa J. (VHACLE); Aquilina, Joseph T. (VHACLE); Esmurdoc, Felix C. (VHACLE); Hall, Sonya (ORM)
**Subject:** RE: Mediation

I heard from Sonya.  Sonya states that while she does not recall all the specifics of the conversation since it has been over 3 months, she definitely knows that she spoke with Paula and let her know that John was not willing to sign the settlement agreement.  As stated the mediation was officially over on November 21st.  The only thing that was open was the signing of the agreement. If there is no agreement, there is nothing else to do done.



*Andrea D. Freeman*
EEO/Affirmative Employment Manager
Facility ADR Coordinator
Louis Stokes Cleveland Department
Of Veterans Affairs Medical Center

1

Leligdon Document Production 537

10701 East Blvd.
Cleveland, Ohio 44106
216-791-2300 X6604

---

**From:** Freeman, Andrea M. (VHACLE)
**Sent:** Wednesday, March 12, 2014 4:29 PM
**To:** Leligdon, Paula M. (VHACLE)
**Cc:** Bartko, Lisa (ORM); Myles, Lisa J. (VHACLE); Aquilina, Joseph T. (VHACLE); Esmurdoc, Felix C. (VHACLE); Hall, Sonya (ORM)
**Subject:** RE: Mediation

Sorry, I spent 2013.



*Andrea D. Freeman*
EEO/Affirmative Employment Manager
Facility ADR Coordinator
Louis Stokes Cleveland Department
Of Veterans Affairs Medical Center
10701 East Blvd.
Cleveland, Ohio 44106
216-791-2300 X6604

---

**From:** Freeman, Andrea M. (VHACLE)
**Sent:** Wednesday, March 12, 2014 4:28 PM
**To:** Leligdon, Paula M. (VHACLE)
**Cc:** Bartko, Lisa (ORM); Myles, Lisa J. (VHACLE); Aquilina, Joseph T. (VHACLE); Esmurdoc, Felix C. (VHACLE); Hall, Sonya (ORM)
**Subject:** RE: Mediation

On December 2, 2014, my former assistant, Sonya Hall sent you and John a copy of the settlement agreement. On December 6, 2014, John wrote and stated that he would not be signing the agreement and he listed his reasons. He wrote this to Sonya and cc me and his Union Representative. I wrote him back, NOT CANCELLING THE MEDIATION, but informing him that I was not in agreement with his reasons and he wasted time and resources when he had no intention of coming to resolution. This was an email between me, John, Sonya and Dewayne. I had no reason to include you because you were not included on his original email.

Once you leave the mediation, it is OVER. The only thing left to do is sign an agreement, if there is one. Mediations do not continue for MONTHS. When John refuses to sign the settlement agreement there is nothing else that needs to be done. The responsibility then was the mediator and my assistant to inform you that he did not want to sign and there was no agreement . I do not know if that took place. I have a call into the mediator right now and my former assistant to find out if they closed that loop—which they should of. The mediation was closed out in the tracker, so I believe that they probably made some type of contact with you.

But let's say that they did not—as a supervisor, and a participant in the mediation who was given a copy of a settlement agreement, why did you not follow back up with Sonya and inquire on the status of the mediation, especially if the outcome was important to you. It has been over 90 days.

Leligdon Document Production 538

As the manager of the EEO Office, I will take responsibility if they(the mediator and my assistant)  did not follow-up with you and let you know that John did not want to sign the settlement agreement.  However, I will NOT take responsibility for you not knowing the outcome because you had a responsibility to follow-up on your own on the status of YOUR mediation. As you know, I did not schedule your mediation, I did not participate in your mediation , I don't know nothing about your mediation or the reasons for it and I did not know that you allege that you didn't know that John did not want to sign the settlement agreement until today.



*Andrea D. Freeman*
EEO/Affirmative Employment Manager
Facility ADR Coordinator
Louis Stokes Cleveland Department
Of Veterans Affairs Medical Center
10701 East Blvd.
Cleveland, Ohio  44106
216-791-2300 X6604

---

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Wednesday, March 12, 2014 3:33 PM
**To:** Freeman, Andrea M. (VHACLE)
**Cc:** Bartko, Lisa (ORM); Myles, Lisa J. (VHACLE); Aquilina, Joseph T. (VHACLE); Esmurdoc, Felix C. (VHACLE); Leligdon, Paula M. (VHACLE)
**Subject:** Mediation

Good Afternoon Andrea:

Today in a meeting Lisa Myles communicated to me that the Mediation on Nov. 20, 2013  between John McKinney and I  had been dissolved due to McKinney's  unreasonable  request for changes in the mediation agreement. Per Lisa you had been in contact with McKinney and apparently informed him that the changes he wanted to initiate were not suitable  and would not be included in the agreement, therefore it was dissolved. Please provide me with the date the Mediation agreement was dissolved and the individuals responsible for making that decision. Could you also clarify the individual responsible for this Mediation process.

Thank you, I look forward to your reply.

Paula Leligdon, LISW-S
Supervisor, Psychiatry Social Work

3

Leligdon Document Production 539

## Leligdon, Paula M. (VHACLE)

| | |
|---|---|
| **From:** | Leligdon, Paula M. (VHACLE) |
| **Sent:** | Thursday, January 22, 2015 1:51 PM |
| **To:** | Leligdon, Paula M. (VHACLE) |
| **Subject:** | FW: VA EEO Policy |
| **Attachments:** | EEO_Policy_Statement%20No%20Fear.pdf |

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Friday, June 20, 2014 11:00 AM
**To:** Leligdon, Paula M. (VHACLE)
**Subject:** FW: VA EEO Policy

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Wednesday, April 09, 2014 1:41 PM
**To:** Garklavs, Carol A. (VHACLE); Goodall, Christina (VHACLE); Kasidonis, George I. (VHACLE); Kaplafka, Lauren N. (VHACLE); Fabian, Karen M. (VHACLE); Krul, Brenda A. (VHACLE).; Lipkin, Susan M. (VHACLE); Stone, John P. (VHACLE); Shapiro, Ian B. (VHACLE); Perry, Sally A. (VHACLE); Mckinney, John (VHACLE); Cleary, Patrick J. (VHACLE); Doubler, Carol J. (VHACLE)
**Cc:** Leligdon, Paula M. (VHACLE); Fuehrer, Susan M. (SES) (VHACLE); Altose, Murray D. (VHACLE)
**Subject:** VA EEO Policy

Good Afternoon Team:

Please review the VA  EEO, Diversity, Inclusion and No Fear Policy Statement (attached) in order to be familiar with your rights and responsibilities. I have learned a great deal about  civil rights and liberty's the past several years and most of you know my strong  commitment to stand up for individual rights and injustice in the workplace. It does not matter who the perpetrator is,  discrimination is unlawful, fear of any kind in the workplace is wrong and any acts of retaliation,  bullying and harassment  are illegal and should not be tolerated. To remain silent with knowledge  of such unconscionable  attacks only supports and encourages its preservation; to speak out  exemplifies ones strengths and a commitment to  justice, equality and a work environment "free of"  mistreatment and hostility.  We choose to be part of the problem or we choose to be part of the solution,  change can only occur when voices are heard.

Thanks,
Paula Leligdon, LISW-S
Supervisor, Psychiatry Social Work

1

Leligdon Production 1741



**Louis Stokes**
**Cleveland Department of**
**Veterans Affairs Medical Center**
**10701 East Boulevard**
**Cleveland, OH 44106**

May 22, 2014                          **In Reply Refer To:** 541/053

Ms. Paula Leligdon
Social Work Service
Louis Stokes Cleveland DVA Medical Center
10701 East Boulevard
Cleveland, Ohio 44106

Subject:  Reprimand

You are employed as Supervisory Social Worker, GS-0185-12, Step 5, in Social Work
Service at the Louis Stokes Cleveland Medical Center.

 1.  This is to notify you that you are hereby reprimanded based on the following
reasons:

I.     Failure to Follow Instructions.

           a.  Dr. Murray Altose, our Chief of Staff, in a written letter of
               expectations given to you last January, specifically asked you not
               to copy your non-VA attorney in work related emails.  Yet,
               yesterday, May 21, 2014, despite these specific instructions, you
               engaged in a myriad of emails between ORM and HRMS, where
               you kept contradicting the advice of all three supporting
               departments, and you copied a non-VA attorney, email address
               'RRenner@kcnlaw.com'. The aforementioned email belongs to Mr.
               Richard R. Renner from Kalijarvi, Chuzi, Newman & Fitch, P.C., in
               Washington, DC.

           b. You were given proposed discipline as recent as May 12, 2014.
               Said proposed discipline is at the initial stage and I cannot use it
               for progressive discipline.  Nevertheless, I cannot ignore that this
               very behavior was addressed in said action.  Thus, I will consider it
               as a written document that proves your knowledge and awareness
               that adding an external non-VA attorney to agency related
               business is not ignored and will not be tolerated. Specifically, I
               issued a Suspension Proposal to you on May 12, 2014, and you
               make reference to the abovementioned proposal in your May 21st
               emails.  Charge III of said Proposal is <u>Inappropriate Use of Email</u>.
               In other words, in addition to our multiple discussions about the
               gravity of this conduct, you were made aware, in writing, that this

**GOVERNMENT
EXHIBIT**
A - 4

conduct was not ignored and is not acceptable, as early as 10 days ago

II.   Inappropriate Use of Email.

   a. The emails you sent yesterday to Mr. Kevin Broussard from ORM, Mr. Paul Depompei, and Mr. Antonio Suarez from HR, where you refute, argue, and reject their advice is unacceptable. Especially because neither Chris Esmurdoc nor I were included in this email exchange that included our medical center Director and lasted almost the entire day, specifically from 8:55am until after 4pm. You were aware of my opinion that this conduct decreases workplace efficiency and requires others to do more than their share of burdensome work. Specifically, such behavior defies basic standards of respect and deference to other fellow professionals. Your demanding and defiant set of constant emails embarrassed me as your supervisor.  You have been given advice, by email, from Regional Counsel, Office of Resolution Management (ORM), Human Resources (HR), but you chose to challenge all of them and "educate" the very professionals you demanded answer your questions.  Moreover, you ignored me as your Service Chief.  I am disappointed and absolutely shocked that you spent almost the entire day of May 21st, Wednesday, rebuking three support offices' professionals without my knowledge or seeking my advice on this matter.  We deal with these offices and they support and facilitate our job by providing much needed guidance to optimize our efficiency.  Your emails were an unnecessary distraction, disrespectful, especially to Mr. Broussard from ORM, who asked you to remove him from future emails, and specifically told you that your question was not a legal one and Regional Counsel was not an appropriate source. I am afraid that the constant and periodic occurrence of this unacceptable behavior is affecting me, and may consequently affect the medical center as a whole. Hence, these incidents cannot be tolerated.

III.   Conduct Unbecoming of a Supervisor.

   a. You copied our medical center Director during this exchange of arguments despite it was not pertinent and completely inappropriate to include the most senior management official in emails where you fail to include three levels of supervisions between you and the medical center Director. These individuals are Chris Esmurdoc, Dr. Murray Altose, and I.

2. A copy of this reprimand will be placed in your official personnel folder.  You may, if you wish, make a written reply in explanation of your conduct.  If you do, it will also be placed in your official personnel folder.  This reprimand may remain in

3. If you believe this reprimand is unjustified, you may grieve this action under the agency grievance procedure within fifteen (15) calendar days after your receipt of it.  You also have the right to be represented by an attorney or other representative of your choice.  Any representative must be designated in writing.

4. If a personal, medical or other situation is affecting your conduct on the job, this medical center has an Employee Assistance Program (EAP) that offers short-term counseling and referral. You may contact James DeLamatre, Psychology. D, Program Director of the Employee Assistance Program (EAP), at extension (216) 791-3800, extension 6924. He will be glad to meet with you on a confidential basis.

5. If you have any questions regarding this reprimand, you may contact Mr. Antonio Suárez, Employee & Labor Relations Chief at extension (821) 2160 for further information.

*Joseph T. Aquilina*

Joseph Aquilina
Chief, Social Work Service

I certify receipt of the original and one copy of this document.

_____     _____
Ms. Paula Leligdon                                    Date

*Employee refused to sign receipt for two copies which were given to her @ 241 pm, May 23, 2014*

*Joseph T. Aquilina*

053 _____ 122 _____

## Suarez, Antonio (VHACLE)

| | |
|---|---|
| **From:** | Suarez, Antonio (VHACLE) |
| **Sent:** | Thursday, May 22, 2014 8:05 AM |
| **To:** | Aquilina, Joseph T. (VHACLE) |
| **Subject:** | FW: Regional Counsel Request |

Mr. Aquilina,

FYI.

*Antonio Suárez, Esq., MBA*
Chief, Employee and Labor Relations
Louis Stokes Cleveland VA Medical Center
Cleveland, Ohio
☎(216) 791-2300x2160 🖷 (216) 707-7601 BB (216) 939-6138

---

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Wednesday, May 21, 2014 3:54 PM
**To:** Clark, Lisa Marie (OGC)
**Cc:** Fuehrer, Susan M. (SES) (VHACLE); Suarez, Antonio (VHACLE); rrenner@kcnlaw.com; Leligdon, Paula M. (VHACLE)
**Subject:** FW: Regional Counsel Request

Lisa:

Please note you are added to the email below for resolution.

Than you.
Paula

---

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Wednesday, May 21, 2014 3:47 PM
**To:** Suarez, Antonio (VHACLE); Fuehrer, Susan M. (SES) (VHACLE)
**Cc:** rrenner@kcnlaw.com; Broussard, Kevin (ORM); Leligdon, Paula M. (VHACLE)
**Subject:** RE: Regional Counsel Request

Good Afternoon:

Lack of communication received from HR and EEO regarding unresolved Mediation caused delays in managing the situation as well as other delays. Then Aquilina said he wanted to issue the employee a counseling plan regarding the situation with the family complaint and the employees refusal to meet with me his Supervisor, as scheduled to discuss the family complaint, however it was never issues to the employee by the Chief or Assistant Chief of Social Work. My request to issue the employee a Letter of Expectation due to the delay was denied by Aquilina. The issue was serious enough to be addressed, however Aquilina never followed-through with any action or discipline though he stated the counseling plan as the appropriate course of action and my efforts to issue the Letter of Expectation was not supported and was denied. Let me clarify, the records have been removed from the employees hardcopy file I have as my employee records. The documents have not been destroyed as the employee has requested because the emails and Ro associated to this matter are directly relative to my EEO complaints. I need to respond to my employee about his request and legally protect myself as a VA managing Supervisor because I cannot destroy the documents. Suarez states below his two cents are not a legal opinion and he's an Attorney, if Suarez is not able to provide a legal option, Dan Robinson (HR Specialist) surely is not qualified to provide legal advice to protect me as a VA employee regarding this

1

matter. It is Regional Counsels responsibility to assist, counsel and protect their employees in legal matters that may cause legal ramifications against their employees, Supervisors, Managers and the Medical Center, this is such an issue. I want to comply to my employees request within the confines of my Protected Activity and legal rights to preserve evidence for my claims. Suarez is no longer a neutral party as he has participated in a proposed suspension against me. I am asking the VA to provide legal advise on how to manage this issue with my employee legally in order to protect myself as a VA manager and Supervisor for this facility, as well as protect the Medical Center from potential legal suits. If I am being denied this help which I need to protect myself as a VA employee in management, I would like an explanation, otherwise please refer me to appropriate legal counsel. I am not going to risk mismanagement of this situation with my employee, which could cause legal problems, based on personal opinions and "two cents" that are not supported by legal option and advise. Do you really believe that is a reasonable option I should support, given my circumstance?

I see no need to continue this communication in my consistent request for help.
**I need to resolve this issue, please advise.**

Thank you,
Paula

---

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Wednesday, May 21, 2014 2:11 PM
**To:** Broussard, Kevin (ORM); Suarez, Antonio (VHACLE)
**Cc:** Leligdon, Paula M. (VHACLE); rrenner@kcnlaw.com
**Subject:** FW: Regional Counsel Request

Good Afternoon:

Please make sure my Attorney Richard Renner is included in the communications.

Thank you,
Paula

---

**From:** Broussard, Kevin (ORM)
**Sent:** Wednesday, May 21, 2014 2:07 PM
**To:** Suarez, Antonio (VHACLE); Leligdon, Paula M. (VHACLE)
**Subject:** RE: Regional Counsel Request

Tony,

I was on the phone with Paula when I received this message and the issue is not whether she wants to maintain the ROC in the employee's records; it's whether she can keep and use the ROC in the prosecution of her EEO complaint. According to Paula, she has already expunged the matter from the employee's records. In my opinion, she does have a right to keep and use the ROC for her EEO complaint. Would a workable solution be for the both of you to sit down and discuss whether there is patient information in the ROC that requires redaction. According to Paula's description of the document, it would appear the document is relevant to her complaint. Take care,

Kevin

# Kevin
Case Manager/ADR Coordinator
Phone: (713) 794-8980/7756
Fax: (713) 794-7672

Please note: should you need to speak with me during duty hours, send me an email and I will return your call.

2

"This e-mail, and any attachments thereto, is intended only for the use of the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me via return e-mail and via telephone at (713) 794-8980 and permanently delete the original and any copy of any e-mail and any printout thereof."

**From:** Suarez, Antonio (VHACLE)
**Sent:** Wednesday, May 21, 2014 12:53 PM
**To:** Broussard, Kevin (ORM); Leligdon, Paula M. (VHACLE)
**Subject:** RE: Regional Counsel Request

To follow my two cents as an HR practitioner. This is not a legal opinion but my guidance as an HR Chief and professional.

Patient records are not to be destroyed but I infer that this is an ROC that was written more than six months ago.

If no action was taken or pursued in regards to the event(s) contained in the ROC, then it should be removed and not be a part of any unofficial employee file. A supervisor cannot keep an ROC for an unlimited time if (s)he does not act on the merits of the ROC. In other words, the intent is not to preserve the document forever and keep the uncertainty in the employee's mind. Even admonishments and reprimands are removed by passage of time. If it was not worthy of discipline back then, then it is too remote to be raised now. Only suspensions are retained as part of a permanent record.

And, if this employee requested this ROC to be removed, then he probably gave the reason for it, which as a Chief in ELR I can infer that most probably is Article 24, Section 4, C. and D. of the Master Agreement between the VA and AFGE, which reads:

Section 4 - Supervisory Notes
A.      Individual files on each employee not approved by the Department as an official system of records will not be kept by Department officials at any level.
B.      Subject to Paragraph C of this section, if supervisors make a personal decision to keep notes on employees, the notes or files:
1.      Must be absolutely uncirculated and cannot be reviewed by anyone else (this includes secretaries, other supervisors, or Department officials); and,
2.      Must be maintained in secure fashion in order to prevent disclosure.
C.      Supervisory notes may only be used to support any action detrimental to an employee if such note(s) have been shown to the employee at the earliest available time after the entry was made and a copy provided to the employee. Once an employee has received a copy of the supervisory note(s), the note(s) can be provided to an appropriate Department official with a legitimate need to know for the performance of their duties.
D.      The time frames for retaining supervisory notes will be up to six months, unless used in a personnel action.

It appears that ORM (EEO) never asked for it, and apparently they do not need it. Hence, if the employee was not disciplined for the matter discussed in the ROC then there is nothing else to it. The Master Agreement preempts any opinion or wish, and we have a duty as part of management to abide and comply with it. If the employee gave a reaso in his communication with his or her supervisor, then that answers the questions and any further emails, especially when the immediate chain of command (Aquilina and Esmurdoc) are not included can be considered a unreasonable delay and in a way kind of intimidating. If what I mentioned before applies, then Mr. Dan Robinson, who works for me and offered to answer this question before, could have provided the remedy or help back then.

3

*Antonio Suárez, Esq., MBA*
Chief, Employee and Labor Relations
Louis Stokes Cleveland VA Medical Center
Cleveland, Ohio
☎(216) 791-2300x2160 🖷 (216) 707-7601  BB (216) 939-6138

---

**From:** Broussard, Kevin (ORM)
**Sent:** Wednesday, May 21, 2014 1:11 PM
**To:** Leligdon, Paula M. (VHACLE)
**Cc:** Suarez, Antonio (VHACLE)
**Subject:** RE: Regional Counsel Request

Paula,

Unless I'm mistaken, there is a system of records, policies, past practices, regulations and/or laws regulating documents related to patient complaints. Therefore, I'm confused because it would seem to a reasonable person that such documents should **not** be destroyed. Rhetorical question; why does your subordinate asking you to destroy such documents make this a legal issue unless you're not sure whether you are supposed to have the documents in the first place. Would it be a legal matter if your subordinate asked you to visit a prohibited website or to pay him/her overtime for time not worked? The simple answer is no. Apparently, I don't know the full story nor do I need to know because this is a management issue that should be addressed through your chain of command and/or HR.

Regarding ORM's need for such documents, I was told the investigator was almost finished with the investigation of your complaint when you filed your new amendment. Therefore, s/he has probably asked you for the majority of the documents s/he may need regarding the investigation; with the exception of your new claims. I also think it's worth noting that an investigator will rarely request patient records for inclusion into an EEO case file; however, I'm not familiar with the specific events in your claim of which you're referring. However, I understand this may be irrelevant because you have the right to present your evidence as you prosecute your complaint. Please be advised that this is my last communication regarding this matter; therefore, please remove me from future emails regarding this matter. Take care,

Kevin

# Kevin
Case Manager/ADR Coordinator
Phone: (713) 794-8980/7756
Fax:  (713) 794-7672

<u>Please note: should you need to speak with me during duty hours, send me an email and I will return your call.</u>

"This e-mail, and any attachments thereto, is intended only for the use of the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me via return e-mail and via telephone at (713) 794-8980 and permanently delete the original and any copy of any e-mail and any printout thereof."

---

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Wednesday, May 21, 2014 10:13 AM
**To:** Broussard, Kevin (ORM); Clark, Lisa Marie (OGC); Fuehrer, Susan M. (SES) (VHACLE)

4

**Cc:** rrenner@kcnlaw.com; Depompei, Paul (VHACLE); Suarez, Antonio (VHACLE); Leligdon, Paula M. (VHACLE)
**Subject:** RE: Regional Counsel Request

Good Morning:

It is a legal matter, the employee has a legal right to request that the documents be destroyed from his file and I cannot comply with this VA regulation as his managing Supervisor.  The employee has been attacking me and trying to discredit me and has filed numerous ROC against me since a family complaint was issues against him in the fall, and management which includes my Supervisor have supported his efforts, relative to my EEO claims. I will not be put at legal risk regarding this legal VA matter and a potential suit filed against me for not following VA policy and complying with the employees request because of my protected EEO activity and the need to maintain the documents he wants destroyed as evidence. It is up to our VA attorneys to determine how this can be managed legally to protect me as a VA managing Supervisor and protect the VA from a possible suit. Both the employee and I have legal rights here which conflict, I expect legal advice on this matter to protect myself as a VA Managing Supervisor on behalf of this Medical Center.

Thanks,
Paula

---

**From:** Broussard, Kevin (ORM)
**Sent:** Wednesday, May 21, 2014 10:39 AM
**To:** Leligdon, Paula M. (VHACLE)
**Cc:** rrenner@kcnlaw.com; Depompei, Paul (VHACLE); Suarez, Antonio (VHACLE); Clark, Lisa Marie (OGC); Fuehrer, Susan M. (SES) (VHACLE)
**Subject:** RE: Regional Counsel Request

Paula,

This doesn't appear to be a legal matter since it involves and issue you're having with your subordinate requesting that you destroy agency documents, which seems odd to me. I would recommend that you seek guidance from your supervisor who may need additional information regarding the specifics of the documents you're inquiring about. HR should also be able to give you a quick answer; however, you will probably have to share the information with them for them to make an informed decision. Take care,

Kevin

## Kevin
Case Manager/ADR Coordinator
Phone: (713) 794-8980/7756
Fax:  (713) 794-7672

<u>Please note: should you need to speak with me during duty hours, send me an email and I will return your call.</u>

"This e-mail, and any attachments thereto, is intended only for the use of the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me via return e-mail and via telephone at (713) 794-8980 and permanently delete the original and any copy of any e-mail and any printout thereof."

---

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Wednesday, May 21, 2014 8:55 AM

LELIGDON-002277

**To:** Clark, Lisa Marie (OGC); Fuehrer, Susan M. (SES) (VHACLE)
**Cc:** rrenner@kcnlaw.com; Depompei, Paul (VHACLE); Broussard, Kevin (ORM); Suarez, Antonio (VHACLE); Leligdon, Paula M. (VHACLE)
**Subject:** Regional Counsel Request

Good Morning:

I spoke with Kevin this morning and he concurs that this matter needs to be handled from our Medical Center, not him.  I am baffled at what appears a run-around in my efforts to acquire legal help from our VA Regional Counsel on a matter that is directly related to my position as a managing supervisor and a request by one of my employees to destroy some of their documents, which I am unable to comply with because the documents are EEO evidence for my claims. I need to respond to this employee appropriately and within legal parameters as a VA Supervisor and employee for this Medical Center in order to protect myself as a Managing Supervisor and adhere to  Medical Center policies.  I would like to speak with one of our VA attorneys from Regional Counsel on this legal  matter and be advised on how to proceed legally, this is not a matter to be referred to another department and this delay in acquiring the assistance I need is not appropriate in my efforts as a VA Supervisor to manage a situation with one of my employees.
I look forward to your reply.

Thank you,
Paula Leligdon, LISW-S
Supervisor, Psychiatry Social Work

---

**From:** Suarez, Antonio (VHACLE)
**Sent:** Tuesday, May 20, 2014 8:28 AM
**To:** Leligdon, Paula M. (VHACLE)
**Cc:** Broussard, Kevin (ORM)
**Subject:** Questions about EEO related matters

Ms. Leligdon,

The proper person to contact and ask questions about your EEO related matter and documents is your EEO Case Manager, Mr. Kevin Broussard.

You should not be contacting Regional Counsel (Legal).

Best regards,

*Antonio Suárez, Esq., MBA*
Chief, Employee and Labor Relations
Louis Stokes Cleveland VA Medical Center
Cleveland, Ohio
☎(216) 791-2300x2160 🖷 (216) 707-7601  BB (216) 939-6138

*Service is our Number One priority and HR considers your feedback important!*
*Please share your experiences with HR by completing the online survey at* How are we doing?
Start the healthcare career of a

---

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Wednesday, May 14, 2014 10:59 AM
**To:** Clark, Lisa Marie (OGC)

6

LELIGDON-002278

**Cc:** Fuehrer, Susan M. (SES) (VHACLE); rrenner@kcnlaw.com; Depompei, Paul (VHACLE); Leligdon, Paula M. (VHACLE)
**Subject:** RE: Regional Counsel Request

Lisa:

I left you a voicemail message this morning ( 10:54am approx.) informing you of the message sent below.
I would like to resolve this issue and look forward to your reply which is time sensitive.

Thank you,

Paula Leligdon, LISW-S
Supervisor, Psychiatry Social Work

---

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Wednesday, May 14, 2014 10:52 AM
**To:** Clark, Lisa Marie (OGC)
**Cc:** Fuehrer, Susan M. (SES) (VHACLE); rrenner@kcnlaw.com; Leligdon, Paula M. (VHACLE); Depompei, Paul (VHACLE)
**Subject:** Regional Counsel Request

Good Morning Lisa:

Today I received an ROC (from Depompei office, delivered by Aquilina and Esmurdoc)) from the employee that is requesting documents be destroyed that I need for my EEO claim. To date you have not responded regarding this legal matter which has caused my delay in responding to my employees request, prompting the employees initiation of the ROC. You originally stated you would be referring me to another attorney, I have received no referral or contact from you. This is a legal matter relative to my position as a VA Supervisor for this Medical Center. I need to resolve this legal issue and reply appropriately to my employee, please advise.

Thank you,
Paula Leligdon, LISW-S
Supervisor, Psychiatry Social work

---

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Wednesday, May 07, 2014 3:41 PM
**To:** Clark, Lisa Marie (OGC)
**Cc:** 'rrenner@kcnlaw.com'; Leligdon, Paula M. (VHACLE)
**Subject:** RE: Regional Counsel Request

Hi Lisa:

To date I have not yet received your reply. I'm looking forward to your legal counsel.

Thanks,
Paula

---

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Friday, May 02, 2014 9:35 AM
**To:** Clark, Lisa Marie (OGC)
**Cc:** rrenner@kcnlaw.com; Leligdon, Paula M. (VHACLE)
**Subject:** RE: Regional Counsel Request

7

LELIGDON-002279

Good Morning Lisa:

I left you a voicemail message this morning ( 9:05am approx.) informing you of the message sent below, in case you had not yet reviewed your emails. I would like to resolve this issue and look forward to your reply.

Thank you,

Paula Leligdon, LISW-S
Supervisor, Psychiatry Social Work

**Confidentiality note:** This e-mail is intended only for the person or entity to which it is addressed, and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this e-mail or the information herein by anyone other than the intended recipient is prohibited. If you have received this e-mail in error, please notify the sender by reply e-mail, and destroy the original message and all copies.

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Thursday, May 01, 2014 12:00 PM
**To:** Clark, Lisa Marie (OGC)
**Cc:** rrenner@kcnlaw.com; Leligdon, Paula M. (VHACLE)
**Subject:** Regional Counsel Request

Hello Lisa:

This morning I called Regional Counsel in order to speak with one of our VA attorneys to acquire legal advice on how to manage a request from one of my employees in which they want documents removed and destroyed from their VA files, records that I need to retain as potential evidence for my EEO claims and case. I was refereed to you as the EEO attorney for our VA Medical Center. Because we have a history together and you have represented the VA Medical Center against me in my EEO claims I did inquire if there was another Attorney I could speak with, I was informed that the other EEO Attorney Patrick Watts ( your prior co-counsel for my EEO claims) would be leaving the VA in a week. I spoke with you directly after that, informed you of the need for legal assistance regarding the above information and expressed concern that it may be a conflict of interest for you to assist me in this matter. You stated that you would be calling another Attorney outside the VA to assist me, not that you were inferring there was a conflict of interest. You asked me for my contact information and told me that an Attorney would be immediately calling me back. I did not receive a call from any Attorney, instead I received the below email from HR, referencing inaccurate information. As a Federal Employee and Manager at this Medical Center I need legal advice relevant to my position as a Supervisor. Please provide me with the appropriate contact information so that I can speak with an Attorney who will address my circumstance legally and professionally.

Thank you,
Paula Leligdon, LISW-S
Supervisor, Psychiatry Social Work

**Confidentiality note:** This e-mail is intended only for the person or entity to which it is addressed, and may contain information tha is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this e-mail or the information herein by anyone other than the intended recipient is prohibited. If you have received this e-mail in error, please notif the sender by reply e-mail, and destroy the original message and all copies.

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Thursday, May 01, 2014 10:57 AM

8

**To:** Robinson, Daniel (VHACLE)
**Cc:** Clark, Lisa Marie (OGC); Leligdon, Paula M. (VHACLE)
**Subject:** RE: Documents question

Hi Dan:

Although I appreciate your willingness to assist as an HR specialist, referral for your assistance or your help in this matter is not appropriate.

Thanks,
Paula

---

**From:** Robinson, Daniel (VHACLE)
**Sent:** Thursday, May 01, 2014 10:45 AM
**To:** Leligdon, Paula M. (VHACLE)
**Subject:** Documents question

Ms. Leligdon,

Lisa Clark from region counsel asked me to email you. Ms. Clark informed me that you had a question concerning how to acquire documents for an EEOC concern or complaint. Please email me and let me know what your questions is so I can see if I can help you or point you in the right directions of someone who can.

Thanks,

Daniel Robinson
*Employee/Labor Relations Specialist*
*Louis Stokes Cleveland VA Medical Center*
*10701 East Boulevard*
*Cleveland, Ohio 44106*
*PH# 216-791-2300 Ext. 2169*

Start the healthcare career of a

*Service is our Number One priority and HR considers your feedback important!*
*Please share your experiences with HR by completing the online survey at* How are we doing?

9



**DEPARTMENT OF VETERANS AFFAIRS**
**LOUIS STOKES CLEVELAND**
**DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER**
**10701 EAST BOULEVARD**
**CLEVELAND, OH 44106**

July 3, 2014                                    In Reply Refer To: 541/053

Ms. Paula Leligdon
Social Work Service
Louis Stokes Cleveland DVA Medical Center
10701 East Boulevard
Cleveland, Ohio 44106

Subject:  Written Counseling

You are employed as Supervisory Social Worker, GS-0185-12, Step 5, in Social Work Service at the Louis Stokes Cleveland Medical Center.

It has been brought up to my attention that you continue to contact Ms. Lisa Clark, Attorney, VA Regional Counsel, by telephone and by email, often and insistent, despite prior guidance and instructions from Ms. Clark and myself not to do so.

Hence, you are hereby alerted once more that:

1.  Contact, either by e-mail or telephone with any member of the VA Regional Counsel regarding your EEO claim is inappropriate and you should immediately cease such contacts.  In addition, any contact with VA Regional Counsel, <u>for any reason</u>, must be discussed with and cleared by either your supervisor, Mr. Esmurdoc, or I, your Service Chief, <u>before</u> you contact VA Regional Counsel

2.  You may submit any documents to Ms. Eraka Michelle Robertson, your ORM Counselor, that you believe are pertinent or necessary for your EEO complaint. Ms. Robertson will redact any patient specific information if such information is present in the documents. You do not need Medical Center or VA Regional Counsel approval to submit documents to your EEO Counselor.

3.  You are hereby notified that any time, during your scheduled tour-of-duty, which you use in support of your EEO claim(s), must be reported to your supervisor, Mr. Esmurdoc, for his approval, and will be considered as Official Time used by you in support of your claim(s). This will include time spent in sending e-mails; preparation of documents; and/or making telephone calls which are not related to your assigned duties as a Supervisory Social Worker.

2.      Your actions as described above are entirely unacceptable and potentially detrimental to the agency, thereby serving as the basis for this written counseling. Although disciplinary action will not be imposed at this time, it is my hope that this letter of counseling will serve as an instrument to correct your behavior.  Any further acts of such behavior will result in administrative action.  This letter of counseling is not a form of disciplinary action and will not be



GOVERNMENT
EXHIBIT
A-5

LELIGDON-002173

placed in your Official Personnel Folder (OPF). However, it will be retained as a reminder of this counseling for a period of six (6) months unless additional related misconduct occurs, and then it may be retained up to one (1) year. If there are no additional acts of misconduct similar to that as described above, this letter of counseling will be destroyed. However, if similar misconduct is again displayed, this letter will form the basis for additional action.

3.      If a personal, medical, or other situation is affecting your conduct on the job, this Medical Center has an Employee Assistance Program (EAP) that offers short-term counseling and referral. You may contact EAP Counselor, Dr. James Delamatre at (216) 791 3800 extension 6922. He will be happy to meet with you on a confidential basis.

4.      If you have any questions or wish to discuss this counseling, I am available to meet with you upon request.


Joseph Aquilina
Chief, Social Work Service


I certify receipt of the original and one copy of this document.


_____          _____
Ms. Paula Leligdon                                      Date

*Presented ms. Lelislon with original and one copy- she refused to sign n receipt. 1:23 pm, 7/3/2014*



DEPARTMENT OF VETERANS AFFAIRS
LOUIS STOKES CLEVELAND
DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER
10701 EAST BOULEVARD
CLEVELAND, OH 44106

In Reply Refer To: 541/053

July 31, 2014

Ms. Paula Leligdon
Social Work Service,
Louis Stokes Cleveland DVA Medical Center
10701 East Boulevard
Cleveland, OH 44106

Subject: Proposed Suspension

You are employed as a Supervisory Social Worker, GS-0185-12, Step 5, in Social Work Service at the Louis Stokes Cleveland Medical Center.

1.    This is to notify you that it is proposed to suspend you for a period of three (3) calendar days based on the following reasons:

    I.    Conduct Unbecoming of a Federal Employee.
    II.    Failure to Follow Instructions.

a. Despite prior verbal and written instructions, on July 3, 2014, you sent an email to our Director, Ms. Susan M. Fuehrer, which was a continuation of an email you sent before to Mr. Antonio Suarez, Chief of ELR, and Ms. Susan M. Fuehrer, Medical Center Director. Said email misconstrues facts and confuses rather than seeks a remedy. An example is when you mentioned "...*and they have issues me repeated unwarranted documents as adverse action ...*" Your statement is incorrect. Letters of expectation and written counseling are not discipline. Three day suspensions and reprimands are discipline and not adverse actions. You are a licensed professional, and per your own admission, a part of management for many years. You have taken VA-provided classes from Employment and Labor Relations on Disciplinary & Grievance Process; hence you should understand these terms and use them correctly.

b. On July 11, 2014, you sent an email to your supervisor, Mr. Christopher Esmurdoc, where you copied, yet again, the Medical Center Director and the Chief of Staff. The email reads "*Chris: Per your unwarranted Counseling Plan I have to have permission from you before I can contact our Attorneys in Regional Counsel. As a Supervisor in management, who has been working independently and successfully with Regional Counsel for 10 years, the initiation of this process and need for your approval has already caused delay in management of the situation.*" Despite the tone and lack of deference of your email, Mr. Esmurdoc was the only appropriate recipient during this first interaction between you and Mr. Esmurdoc. I find your email rude and judgmental of your supervisor's intentions. Your email is based on your opinion and not on any protected activity you needed to disclose or elevate to the entire Medical Center chain of command.

GOVERNMENT
EXHIBIT
A-6

Tab C-4    No. B2    LELIGDON-001253

00111  Supplemental

Page 2
Proposed Suspension
Paula Leligdon

c. Moreover, despite prior counsel and discipline, and Human Resources outreach which you have chosen to decline, you disregarded the directions and insisted on being entitled to speak to a VA attorney, notwithstanding Human Resources advice you chose to decline. Specifically, because of your insistence, you were emailed by the Regional Counsel SES, Mr. Dennis McGuire, who on July 14, 2014, at 10:41AM, had to respond to your emails from that same morning, at least two of them, 19 minutes apart. Mr. McGuire copied your supervisor in said email which read *"Ms. Leligdon – I previously e-mailed your supervisor. As per your prior standard procedure, you should have simply forwarded the subpoena to your supervisor. He will forward it to the appropriate parties for coordination. Please do so with the original and he will take care of it from there. Thanks. Dennis McGuire Regional Counsel"* In other words, the SES of Regional Counsel echoes what has been said to you before. Yet, you replied to him on the same day, at 12:15PM, defiant, and argumentative. You had to bring up that you were Patrick Cleary's supervisor and not Mr. Esmurdoc, especially because Mr. Dennis McGuire knows this is the case and his email obviously implies that fact. A reasonable person can only conclude by reading your first sentence *"Dennis McGuire: I am Patrick Cleary's Supervisor, not Esmurdoc"* that you do not want to follow your supervisor and my instructions and demand to deal directly with Regional Counsel. The following part of your email was disrespectful to Mr. McGuire: *"The "procedure" you communicated directly to me was followed. This is also the same procedure every Regional Counsel Attorney has had me follow in the past 10 years."*, and did not show the collegial relationship that our Medical Center expects from its employees. Your lack of good judgment and basic professional courtesies will not be tolerated. In the same email thread, Mr. McGuire responds to you, adding your supervisor Mr. Esmurdoc, *"Ms. Leligdon – if you could please follow the procedure I outlined in the e-mail of forwarding all subpoenas to your supervisor that would be most helpful. Regards, Dennis McGuire Regional Counsel"*. Your emails appear to be angry, irrational, judgmental and accusative, and berating to your senior management. Your behavior is disrespectful, and lacks the deference owed to senior management.

2.      As part of management and a licensed professional, you are held to a higher standard of responsibility. Your actions as described above are in direct contradiction to the type of behavior that is expected of you, and you have been made aware more than once that I will not tolerate it. Your actions are disturbing, unwarranted and abusive. You obviously cannot discern levels of importance and attention to daily business matters which is astonishing coming from a Social Worker, who should understand a wide range of issues and the dynamics of human behavior to help others and avoid chaos. We help individuals, families, and groups restore or enhance their capacity for social functioning, and work to create societal conditions that support others. The practice of social work requires knowledge of human development and behavior, of social, economic and cultural institutions, and of the interaction of all these factors.

You are expected to abide by Medical Center Policy 005-024, Employee Responsibility and Conduct:

*"Employees are expected to observe the highest possible standards of honesty, integrity, impartiality, compassion, courtesy, and ethical behavior towards patients, visitors, and coworkers."*

Tab _C-4_ p. _103_

LELIGDON-001254

00112 Supplemental

Page 3
Proposed Suspension
Paula Leligdon

*"As an employee of the Cleveland VA Medical Center you are expected to:*

- *Exhibit courteous, respectful and compassionate behavior toward patients and those, with whom you interact, both co-workers and visitors, as a requirement of your position, not as an option.*

- *Treat your supervisor(s) with respect, following their directions and guidance in a cooperative, responsive manner and completing assignments on a timely basis. Supervisors are expected to afford their employees the same degree of respect, provide them a role in decision making and be responsible to their issues of concern."*

The aforementioned is in violation of VA Directive 6001, July 28, 2000, Limited Personal Use of Government Office Equipment Including Information Technology, 2 (c) (4) which reads in part:

*"c. Employees are expected to conduct themselves professionally in the workplace and are required under the Standards of Conduct to refrain from using Government office equipment for activities that are inappropriate. Misuse or inappropriate personal use of Government office equipment includes: (4) Use for activities that are illegal, inappropriate, or offensive to fellow employees or the Public…"*

This has been mentioned to you before. These policies are to be followed and not disregarded.

3.  This proposal takes into account that you have been previously counseled and disciplined in recent months. Specifically, you were given:
  - Written Counseling on March 26, 2014, by Mr. Felix Esmurdoc, Assistant Chief of Social Work Service.
  - "Three Day Suspension", served from June 23-June 25th 2014, for the following reasons; Conduct Unbecoming of a Supervisor, Failure to Follow Instructions, Inappropriate Use of Email.
  - Reprimand, on May 23, 2014, for the following reasons; Failure to Follow Instructions, Inappropriate Use of Email, Conduct Unbecoming of a Supervisor.
  - Reprimand, on June 6, 2014, for the following reasons; Discussion of an AIB Investigation during a Performance Feedback Session.
  - Written Counseling, on July 3, 2014, issued by me.

In spite of a previous disciplinary action issued to you, you continue to demonstrate a pattern of irresponsibility and disregard, thereby serving as the basis for your suspension. It is sad that you have not taken the many opportunities I have given you to deter an adverse action. I hope you take this one.

4.  You have the right to reply to this notice orally, or in writing, and to submit affidavits and other documentary evidence in support of your reply, showing why the charges are unfounded, in addition to any other reasons as to why you should not be suspended.

5.  You will be given until the close of business on the fourteenth (14th) calendar day following your receipt of this notice to reply to these reasons orally or in writing, or both orally and in writing, and to submit affidavits or other documentary evidence. Your written reply should be submitted to me, or a designee of my choosing. As the deciding official, I will receive your oral reply or will designate an official to receive it. If you wish to make an oral reply, you may schedule an appointment by calling Antonio Suárez, Chief of Employee and Labor Relations, Human Resources Management Service, at (216) 791-2300, extension 2160.

6.  The final decision to effect the proposed action has not been made. I will make the final decision, and will give full and impartial consideration to your reply, if a reply is submitted. You will be informed in writing of the final decision as soon as possible after your reply has had full consideration. If you do not

Tab *C-4* p. *104*

LELIGDON-001255

Page 4
Proposed Suspension
Paula Leligdon

reply, the decision will be rendered after the close of business fourteen (14) calendar days following your receipt of this notice.

6.     At any point during this process you may be represented by an attorney or other representative of your choice. However, any representative must be designated in writing.

7.     If a personal, medical or other situation is affecting your conduct on the job, this medical center has an Employee Assistance Program (EAP) that offers short-term counseling and referral. You may contact James DeLamatre, Psychology. D, Program Director of the Employee Assistance Program (EAP), at extension (216) 791-3800, extension 6924. He will be glad to meet with you on a confidential basis.

8.     If you do not understand the above reason as to why your suspension is proposed, contact me, or Antonio Suárez, Chief of Employee and Labor Relations, Human Resources Management Service, at (216) 791-2300, extension 2160.

Joseph Aquilina
Chief, Social Work Service

I certify receipt of the original and one copy of this document.

_____         _____
Ms. Paula Leligdon                         Date

_____053

Tab _C-4_ p. _105_

LELIGDON-001256

00114 Supplemental



**Louis Stokes**
**Cleveland Department of**
**Veterans Affairs Medical Center**
**10701 East Boulevard**
**Cleveland, OH  44106**

August 22, 2014                                    In Reply Refer To: 541/053

Ms. Paula Leligdon
Social Work Service
Louis Stokes Cleveland DVA Medical Center
10701 East Boulevard
Cleveland, Ohio 44106

Subject:  Decision – Suspension

1.    In connection with the notice of proposed suspension presented to you on May 12, 2014, a decision has been made to suspend you from duty for a total of three (3) calendar days to be served Monday, September 22, 2014, through Wednesday, September 24, 2014.  Your suspension is based on the following reasons:

The reasons as stated in paragraph one (1), charges I, II, of the letter of proposed suspension are sustained.

2.    In reaching this decision, I considered all the evidence developed in this case and the fact that you made a written reply.  Of note, you failed to provide your response to me by the agreed upon day and time, even though I granted you two additional calendar days, at your request, to provide the response.  I perused and considered everything you brought to my attention in your written reply.  During your reply, you neither expressed remorse over the incidents nor apologized for your behavior.  You also mentioned your years of service to this medical center.  Although I appreciate your years of service to this medical center, I recognize that your actions were inexcusable.  Consequently, I have concluded that mitigation of the proposed penalty is not warranted, the charges against you are justified, and the proposed penalty against you is appropriate and within the range of reasonableness.  The suspension action will become a permanent part of your personnel record.

3.    This letter may be used in determining an appropriate penalty if further infractions occur.

4.    You may appeal this action under the VA administrative grievance procedure.  Your grievance must be submitted in accordance with the provisions of VA administrative grievance procedure within fifteen (15) calendar days after you receive this suspension decision.

5.    For a more detailed explanation of your appeal rights, please contact Mr. Antonio Suarez, Employee/Labor Relations Specialist, at extension (216) 791-2300 ext. 2160.

Joseph Aquilina
Chief, Social Work Service

I certify receipt of the original and one copy of this document.

Tab _C-4_  p._115_

_____            _____
Ms. Paula Leligdon                                  Date

Ms Leligdon was given 3 copies of this letter
wt approx 9 AM on 8/26/2014  She refused to sign
receipt for the copies.  Joseph ? Aquilina

LELIGDON-001266

00124 Supplemental

## Leligdon, Paula M. (VHACLE)

**Subject:**          FW: Regional Counsel Request

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Thursday, July 03, 2014 3:40 PM
**To:** Fuehrer, Susan M. (SES) (VHACLE)
**Cc:** Altose, Murray D. (VHACLE); Leligdon, Paula M. (VHACLE)
**Subject:** Regional Counsel Request

Director:

I received a call from Aquilina today stating that he and Esmurdoc needed to meet with me to present me with a document. When I expressed concern about receiving yet another document, he insinuated not to worry and said it was "... not an adverse action". I requested that we meet in the Admin Building not the trailers where my office is located. I met with Aquilina and Esmurdoc at approx. 1:25 in the Admin. Building and was issues yet another unwarranted Counseling Plan due to my request for help from Regional Counsel, per my email to you and Clark below. As I was leaving Aquilina stated that they could have met me in the trailers, I told them that they have degraded me enough in the trailers where there is no privacy, numerous employees and they have issues me repeated unwarranted documents as adverse action, retaliation and harassment. The matter is explained below and is relative to my position as a managing supervisor, my VA employee who deserves a reply and my right to manage my EEO claim. It is clear from review of the Counseling Plan that my request for help below has been repeatedly and purposely misrepresented and denied. Despite my right to preserve the documents, I need to reply appropriately to my employee, the denial for help from this Medical Center to receive this legal guidance is inconceivable and the further restrictions which have now been implemented limiting my contact as an employee and manager with anyone from Regional Counsel is deplorable, along with your attempts to limit my communication with my Attorney or anyone else relevant to my EEO claims. It is also unacceptable to have the very individuals named in my 29 EEO claims micro-managing and policing my EEO activity. The actions by this Medical Center are shameful for anyone standing up for their civil liberties, I will however not be deterred from standing up for what's right and just.

It is noted that I have worked effectively with Regional Counsel for 10 years as a VA employee and manager without any previous incident or complaint.

Per the Counseling Plan and communication with ORM Jim Jindra, E.M. Robertson is not my ORM Counselor, is not involved in my EEO claim and Jindra found no information on this individual in ORM records.

Please provide me with the name of the individual who can provide me legal counsel on how to respond within legal VA guidelines to my employees request, since the documents cannot be destroyed and need retained for my EEO claims.

Thank you,
Paula Leligdon, LISW-S
Supervisor, Psychiatry Social Work

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Friday, June 27, 2014 11:34 AM
**To:** Fuehrer, Susan M. (SES) (VHACLE); Clark, Lisa Marie (OGC)
**Cc:** Leligdon, Paula M. (VHACLE)
**Subject:** RE: Regional Counsel Request

Leligdon Document Production 1016

**Esmurdoc, Felix C. (VHACLE)**

| | |
|---|---|
| From: | Leligdon, Paula M. (VHACLE) |
| Sent: | Monday, July 14, 2014 9:12 AM |
| To: | Fuehrer, Susan M. (SES) (VHACLE); Altose, Murray D. (VHACLE); Esmurdoc, Felix C. (VHACLE); Aquilina, Joseph T. (VHACLE) |
| Cc: | Leligdon, Paula M. (VHACLE) |
| Subject: | Regional Counsel |

Good Morning;

I received Esmurdoc's voicemail message this morning, left on Friday at 4:50pm. I spoke with Esmurdoc this morning, per the unnecessary counseling plan, simply for Esmurdoc to give me permission to call Dennis McGuire from Regional Counsel about the Subpoena. I have handled numerous subpoena issues independently for many years now as a Supervisor, worked independently with Regional Counsel regarding Subpoenas and other legal issues without any problem or complaint for 10 years and without interference. Upper Managements consistent unwarranted attempts to micro manage my work as a SW professional and Managing Supervisor in Psychiatry Service not only causes delays, but negatively impacts my clinical abilities to provide appropriate Supervision and Veteran care and  also affects every employee I supervise and the care they are trying to provide. This has been previously communicated to you, as well as my concerns for my employees, Veteran care and services.

Thank you,
Paula Leligdon, LISW-S
Supervisor, Psychiatry Social Work

**From:** Esmurdoc, Felix C. (VHACLE)
**Sent:** Friday, July 11, 2014 4:52 PM
**To:** Leligdon, Paula M. (VHACLE)
**Cc:** Esmurdoc, Felix C. (VHACLE)
**Subject:** RE: Regional Counsel

Paula,
I am here at my desk and have been at my desk since 3:30pm.
Please feel free to call me to discuss this request.
You also have my mobile phone.
Thank you,
Chris

*F. Christopher Esmurdoc, LISW-S*
Assistant Chief of Social Work
Louis Stokes Cleveland VAMC
(216)791-2300 ext. 2341
(216)338-8877 (mobile)
felix.esmurdoc@va.gov

Connect With Us!
www.cleveland.va.gov

1

Tab C-4   LELIGDON-001257

00115 Supplemental

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Friday, July 11, 2014 4:32 PM
**To:** Esmurdoc, Felix C. (VHACLE)
**Cc:** Fuehrer, Susan M. (SES) (VHACLE); Altose, Murray D. (VHACLE); Leligdon, Paula M. (VHACLE)
**Subject:** Regional Counsel

Chris:

Per your unwarranted Counseling Plan I have to have permission from you before I can contact our Attorneys
in  Regional Counsel. As a Supervisor in management, who has been working independently and successfully with
Regional Counsel for 10 years, the initiation of this process and need for  your approval  has already caused delay in
management of the situation.  I need to contact Regional Counsel  regarding a Subpoena,  please respond immediately
due to court deadlines.

Paula Leligdon, LISW-S
Supervisor, Psychiatry Social Work

Esmurdoc, Felix C. (VHACLE)

| | |
|---|---|
| **From:** | McGuire, Dennis (SES) (OGC) |
| **Sent:** | Monday, July 14, 2014 8:06 AM |
| **To:** | Fuehrer, Susan M. (SES) (VHACLE), Suarez, Antonio (VHACLE); Franks, Charles (VHACLE); Clark, Lisa Marie (OGC) |
| **Cc:** | Esmurdoc, Felix C. (VHACLE); Altose, Murray D. (VHACLE) |
| **Subject:** | RE: Regional Counsel |

Chris:

Please direct Ms. Leligdon to forward the subpoena in question to me. I'll handle it.

Dennis

**From:** Fuehrer, Susan M. (SES) (VHACLE)
**Sent:** Friday, July 11, 2014 5:00 PM
**To:** Suarez, Antonio (VHACLE); Franks, Charles (VHACLE); Clark, Lisa Marie (OGC); McGuire, Dennis (SES) (OGC)
**Cc:** Esmurdoc, Felix C. (VHACLE); Altose, Murray D. (VHACLE)
**Subject:** FW: Regional Counsel

FYSA.

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Friday, July 11, 2014 4:32 PM
**To:** Esmurdoc, Felix C. (VHACLE)
**Cc:** Fuehrer, Susan M. (SES) (VHACLE); Altose, Murray D. (VHACLE); Leligdon, Paula M. (VHACLE)
**Subject:** Regional Counsel

Chris:

Per your unwarranted Counseling Plan I have to have permission from you before I can contact our Attorneys in  Regional Counsel. As a Supervisor in management, who has been working independently and successfully with Regional Counsel for 10 years, the initiation of this process and need for your approval has already caused delay in management of the situation.  I need to contact Regional Counsel regarding a subpoena, please respond immediately due to court deadlines.

Paula Leligdon, LISW-S
Supervisor, Psychiatry Social Work

Tab C-4  LELIGDON-001259
00117 Supplemental

Esmurdoc, Felix C. (VHACLE)

From:           Leligdon, Paula M. (VHACLE)
Sent:           Monday, July 14, 2014 9:12 AM
To:             Fuehrer, Susan M. (SES) (VHACLE); Altose, Murray D. (VHACLE); Esmurdoc, Felix C. (VHACLE); Aquilina, Joseph T. (VHACLE)
Cc:             Leligdon, Paula M. (VHACLE)
Subject:        Regional Counsel

Good Morning.

I received Esmurdoc's voicemail message this morning,  left on Friday at 4:50pm. I spoke  with Esmurdoc this morning, per the unnecessary counseling plan, simply to: Esmurdoc to give me permission to call Dennis McGuire from Regional Counsel about the Subpoena. I have handled numerous subpoena issues independently for many years now as a Supervisor, worked independently with Regional Counsel regarding Subpoenas and other legal issues without any problem or complaint for 20 years and without interference. Upper Managements consistent unwarranted  attempts to micro manage my work as a SW professional and Managing Supervisor in Psychiatry Service not only causes delays, but negatively impacts my clinical abilities to provide appropriate Supervision and Veteran care and  also affects every employee I supervise and the care they are trying to provide. This has been previously communicated to you, as well as my concerns for my employees, Veteran care and services.

Thank you,
Paula Leligdon, LISW-S
Supervisor, Psychiatry Social Work

From: Esmurdoc, Felix C. (VHACLE)
Sent: Friday, July 11, 2014 4:52 PM
To: Leligdon, Paula M. (VHACLE)
Cc: Esmurdoc, Felix C. (VHACLE)
Subject: RE: Regional Counsel

Paula,

I am here at my desk and have been at my desk since 3:30pm.
Please feel free to call me to discuss this request.
You also have my mobile phone.
Thank you.
Chris

F. Christopher Esmurdoc, LISW-S
Assistant Chief of Social Work

Tab C-4    LELIGDON-001260

00118 Supplemental

1

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Friday, July 11, 2014 4:32 PM
**To:** Esmurdoc, Felix C. (VHACLE)
**CC:** Fuehrer, Susan M. (SES) (VHACLE); Altose, Murray D. (VHACLE); Leligdon, Paula M. (VHACLE)
**Subject:** Regional Counsel

Chris:

Per your unwarranted Counseling Plan I have to have permission from you before I can contact our Attorneys in Regional Counsel. As a Supervisor in management, who has been working independently and successfully with Regional Counsel for 10 years, the initiation of this process and need for your approval, has already caused delay in management of the situation.  I need to contact Regional Counsel regarding a Subpoena, please respond immediately due to court deadlines.

Paula Leligdon, LISW-S
Supervisor, Psychiatry Social Work

Connect With Us!
www.cleveland.va.gov

Tab  C-4  p.  LELIGDON-001261
00119 Supplemental

## Aquilina, Joseph T. (VHACLE)

| | |
|---|---|
| **From:** | Esmurdoc, Felix C. (VHACLE) |
| **Sent:** | Monday, July 14, 2014 12:46 PM |
| **To:** | Aquilina, Joseph T. (VHACLE) |
| **Subject:** | FW: Subpoena |

FYI

F. Christopher Esmurdoc, LISW-S
Assistant Chief of Social Work
Louis Stokes Cleveland VAMC
(216)791-2300 ext. 2341
(216)338-8877 (mobile)
felix.esmurdoc@va.gov



Connect With Us!
www.cleveland.va.gov

**From:** McGuire, Dennis (SES) (OGC)
**Sent:** Monday, July 14, 2014 12:17 PM
**To:** Leligdon, Paula M. (VHACLE)
**Cc:** Esmurdoc, Felix C. (VHACLE); Clark, Lisa Marie (OGC)
**Subject:** RE: Subpoena

Ms. Leligdon – if you could please follow the procedure I outlined in the e-mail of forwarding all subpoena's to your supervisor that would be most helpful.

Regards,

Dennis McGuire
Regional Counsel

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Monday, July 14, 2014 12:15 PM
**To:** McGuire, Dennis (SES) (OGC)
**Cc:** Leligdon, Paula M. (VHACLE)
**Subject:** Subpoena

Dennis McGuire:

I am Patrick Cleary's Supervisor, not Esmurdoc.
I spoke with you this morning about the subpoena my employee Cleary received and you said the Subpoena should be scanned or faxed to you, gave me your fax and email information and even asked specifically about the ability to scan and send you the document, which you understood I was facilitating and managing for your receipt. The "procedure" you communicated directly to me was followed. This is also the same procedure every Regional Counsel Attorney has had me follow in the past 10 years. As the Supervisor of this employee, I asked about the original document so that I could make sure it was managed appropriately and timely. I have never sent any of my own

1

Tab C-4    LELIGDON-001262

00120 Supplemental

employees subpoenas to another Supervisor to manage and why would an unnecessary step be added for further delay?

Thanks,

Paula Leligdon, LISW-S
Supervisor, Psychiatry Social Work

**From:** McGuire, Dennis (SES) (OGC)
**Sent:** Monday, July 14, 2014 10:41 AM
**To:** Leligdon, Paula M. (VHACLE)
**Cc:** Esmurdoc, Felix C. (VHACLE); Clark, Lisa Marie (OGC)
**Subject:** RE: Subpoena

Ms. Leligdon – I previously e-mailed your supervisor. As per your prior standard procedure, you should have simply forwarded the subpoena to your supervisor. He will forward it to the appropriate parties for coordination. Please do so with the original and he will take care of it from there.

Thanks.

Dennis McGuire
Regional Counsel

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Monday, July 14, 2014 10:39 AM
**To:** McGuire, Dennis (SES) (OGC)
**Cc:** Leligdon, Paula M. (VHACLE)
**Subject:** RE: Subpoena

Dennis:

Resent, per your email.

**From:** Leligdon, Paula M. (VHACLE)
**Sent:** Monday, July 14, 2014 10:20 AM
**To:** McGuire, Dennis (SES) (OGC)
**Cc:** Leligdon, Paula M. (VHACLE)
**Subject:** Subpoena

Dennis:

My employee Patrick Cleary has faxed the subpoena he received to your office.
What do you want done with the original document?

Thanks,
Paula Leligdon, LISW-S
Supervisor, Psychiatry Social Work
Ext. 820-6238

2

Tab C-4   LELIGDON-001263

00121 Supplemental